KLIEBERT, Judge.
Gary McCloud, plaintiff-appellee, sued Royce Bufkin, Jr., defendant-appellant, for payment of a $10,000.00 note. Since the note had been lost, plaintiff, in accordance with the requirements of LSA-R.S. 13:3740, advertised the loss of the note in the Times Picayune between March 13th and 15th, 1988. In response to the petition, defendant, in proper person, denied all allegations of the petition except for the allegation the advertisement had appeared in the newspaper. The case was set for trial on July 7, 1988 at 10:00 A.M. When the case was called defendant made no appearance. Plaintiff offered his testimony and that of another witness to prove up the note and its maturity, the manner in which lost, the purpose for which the loan was made, and the amount of the indebtedness. Based on the evidence submitted the court rendered judgment in favor of plaintiff and against defendant for $10,000.00.
Defendant then employed an attorney who timely filed a motion for a new trial and attempted to file an amended answer alleging affirmative defenses of (1) Failure of consideration, (2) Extinguishment of the obligation, and that (3) the advertisement was defective because the maker of the note was Royce Bufkin, Jr., rather than Royce Buskins, Jr., as advertised.
The motion for a new trial was grounded in the contention defendant arrived at the courthouse forty-five minutes late and after the trial was consummated because he had to make other arrangements for transportation when his friend at the last minute was unable to drive him there as had been arranged. The trial judge rejected the motion to file the amended answer and denied the new trial. The defendant appeals and on appeal contends the trial judge abused his discretion in refusing to grant the new trial and there was insufficient evidence to support the judgment. We affirm.
Counsel for the defendant acknowledges that his request for a new trial was based on discretionary grounds of La.C.C.P. Article 1973.[1] As such, the trial court’s action in denying a new trial should not be disturbed unless it clearly appears the trial judge abused that discretion. Hardy v. Kidder, 292 So.2d 575 (La.1973); Binswanger Glass Co., Division of National Gypsum Co. v. Sanders, 436 So.2d 1329 (5th Cir.1983). Here the defendant received notice of the trial date and time. When he learned he would be late he made no effort to inform the court by telephone. His affidavit does not particularize to whom he spoke when he belatedly arrived at the courthouse. He had pled no affirmative defense in his answer. Given these facts we cannot say the trial judge abused his discretion in refusing to grant the new trial.
We next consider defendant’s contention there is insufficient evidence in the record to support the judgment. “When the law requires a contract to be in written form, the contract may not be proved by testimony or by presumption, unless the written instrument has been destroyed, lost or stolen.” LSA-C.C. Article 1832. Louisiana Revised Statutes Title 13, Sections 3740 and 3741 provide procedural requirements for suit on a lost writing as follows:
§ 3740. Proof of contents of lost instrument
When an instrument in writing, containing obligations which the party wishes to enforce, has been lost or destroyed, by accident or force, evidence may be given of its contents, provided the party show the loss, either by direct testimony, or by such circumstances, supported by the oath of the party, as render the loss probable; and in this case, the judge may, if required, order reasonable security to be given to indemnify the party against the appearance of the instrument, in case circumstances render it necessary.
*531 § 3741. Advertisement to recover lost instrument; exceptions; bond
In every case where a lost instrument is made the foundation of a suit or defense, it must appear that the loss has been advertised within a reasonable time in a public newspaper and proper means taken to recover the possession of the instrument; provided, that advertisement of a lost note shall not be necessary in any case where a surety bond given by a person who owns property liable to seizure, and who is domiciled in the parish where the security is to be given, or a commercial bond issued by an insurance company licensed to do business in the state of Louisiana, is furnished to protect the maker and/or his endorsers of said note from loss resulting from said note falling into the hands of a holder in due course provided that the bond must be in amount equal to the face of the note plus twenty-five percent thereof.
Plaintiff testified at trial that he loaned $10,000.00 to defendant on September 15, 1987. He received a promissory note in return, payable in ninety days. Plaintiff put the promissory note in the glove box of his car. Approximately one week later he suffered a heart attack and had open heart surgery. After his release from the hospital he looked for the note but could not find it. Upon engaging counsel, the lost note was advertised in the Times Picayune. Defendant has made no payments on the note.
Plaintiffs wife also testified that she witnessed the execution of the note, her husband’s giving defendant $10,000.00, and that no money had been paid on the note.
We hold the record evidence supports the trial court’s judgment. Plaintiff submitted sufficient proof that the note was lost and was advertised pursuant to LSA-R.S. 13:3741. Although the advertisement stated the maker’s name as Royce Buskins, Jr. rather than Royce Bu/kin, Jr., the maker defendant in his answer admitted the plaintiff’s allegations in his petition that “[p]eti-tioner has placed an advertisement of the said loss in the Times Picayune from March 13, 1988 to March 15, 1988; as will appear from the advertisement attached hereto ...” Because the note was lost, LSA-C.C. Article 1832 allows its contents to be proved by testimony. Plaintiff met his burden and was thus entitled to judgment.
For the foregoing reasons, the judgment of the trial court is affirmed.
AFFIRMED.

. Code of Civil Procedure Article 1973 provides: ‘‘A new trial may be granted in any case if there is good ground therefor, except as otherwise provided by law.”