750 So.2d 1091 (1999)
Michael A. FELIX
v.
BRIGGS OF OAKWOOD, INC., d/b/a New Orleans Original Daiquiris and ABC Insurance Company.
No. 99-CA-721.
Court of Appeal of Louisiana, Fifth Circuit.
December 15, 1999.
*1092 William W. Hall, Michael H. Piper, William W. Hall & Associates, Metairie, Louisiana, Attorneys for Appellant Michael A. Felix.
Lawrence J. Centola, Jr., Hoffman, Siegel, Seydel, Bienvenu & Centola, New Orleans, Louisiana, Attorneys for Appellee Briggs of Oakwood, Inc., d/b/a New Orleans Original Daiquiris.
Panel composed of Judges SOL GOTHARD, JAMES L. CANNELLA and MARION F. EDWARDS.
CANNELLA, Judge.
Plaintiff, Michael Felix, appeals a summary judgment dismissing his suit for injuries against defendants, Briggs of Oakwood, Inc. d/b/a New Orleans Original Daiquiris, and ABC Insurance Company. We reverse.
On the evening of Mardi Gras, March 1, 1992, plaintiff suffered injuries from allegedly being battered by an employee of New Orleans Original Daiquiris. The alleged incident occurred when plaintiff attempted to purchase a drink from their outlet located in the French Quarter, as it was closing for the night. When plaintiff was turned down he left and went outside. According to plaintiff, Curt Scott, a New Orleans Original Daiquiris employee who was taking out the trash, battered him in a blind-sided attack. Plaintiff's skull was fractured.
On January 1, 1993, plaintiff filed suit against defendants for his injuries. On October 22, 1998, defendants filed for a summary judgement on the basis that an employer is not vicariously liable under these facts. The matter was heard on December 9, 1998 and on December 10, 1998 the trial judge granted the motion. On appeal, plaintiff contends that the trial judge erred in granting the summary judgment.
La.C.C. art.2320 provides that, "[m]asters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed." An employer is liable for a tort committed by his employee if the employee was acting within the course and scope of his employment at the time of the incident. Baumeister v. Plunkett, 95-2270 (La.5/21/96), 673 So.2d 994, 996. The course of employment test refers to time and place, whereas the scope of employment test examines the employment-related risk of injury. Id.
For an employer to be vicariously liable for the tortious acts of its employee, the "tortious conduct of the [employee must be] so closely connected in time, place, and causation to his employment duties as to be regarded as a risk of harm fairly attributable to the employer's business, as compared with conduct instituted by purely personal considerations entirely extraneous to the employer's interest." Baumeister v. Plunkett, 673 So.2d at 996; LeBrane v. Lewis, 292 So.2d 216, 217, 218 (La.1974).
"An employer is not vicariously liable merely because his employee commits an intentional tort on the business premises during working hours." Scott v. Commercial Union Ins. Co., 415 So.2d 327, 329 (La.App. 2nd Cir.1982) (citing Bradley v. Humble Oil & Refining Co., 163 So.2d 180 (La.App. 4th Cir.1964)); Baumeister v. Plunkett, 673 So.2d at 996. "Vicarious liability will attach in such a case only if the employee is acting within the ambit of his assigned duties and also in furtherance of his employer's objective." Scott v. Commercial Union Ins. Co., 415 So.2d at 329; Baumeister v. Plunkett, 673 So.2d at 996.
In LeBrane v. Lewis, 292 So.2d 216, 217, 218 (La.1974), the Louisiana Supreme *1093 Court set out four factors to consider in determining whether the employer is liable for the employee's acts:
(1) whether the tortious act was primarily employment rooted;
(2) whether the violence was reasonably incidental to the performance of the employee's duties;
(3) whether the act occurred on the employer's premises; and
(4) whether it occurred during the hours of employment.
See: Baumeister v. Plunkett, 673 So.2d at 996-997.
All four of these factors needn't be met before liability may be found. Id. The particular facts of each case must be analyzed to determine whether the employee's tortious conduct was within the course and scope of his employment. Baumeister v. Plunkett, 673 So.2d at 997.
La. C.C.P. art. 966 provides that a summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Under a 1997 amendment, a summary judgment is favored, but the burden of proof remains with the movant. Further, if the movant will not bear the burden of proof at trial on the matter before the court, "the movant's burden on the motion does not require him to negate all essential elements of the adverse party's claim, but rather to point out to the court that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense." C.C.P. art. 966. Thus, "if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden at trial there is no genuine issue of fact." Id. Appellate courts should review the granting of a summary judgment de novo under the same criteria governing the trial court's consideration of whether a summary judgment is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95) 653 So.2d 1152.
In this case, the pleadings and deposition of New Orleans Original Daiquiris' assistant manager indicate that the altercation occurred during business hours on the employer's premises, two of the four factors to be considered in finding vicarious liability. Since all four factors need not be proven under Baumeister, plaintiff has produced support sufficient to establish that he will be able to satisfy his evidentiary burden that the employee was in the course and scope of his employment. Consequently, for the purposes of C.C.P. art. 966, this creates a genuine issue of material fact. We find, therefore, that the trial judge erred in granting summary judgment.
Accordingly, the judgment of the trial court is hereby reversed. Costs of appeal are assessed against defendants.
REVERSED.