781 So.2d 792 (2001)
GOOTEE CONSTRUCTION, INC.
v.
AMWEST SURETY INSURANCE COMPANY and Premier Glass Plus, Inc.
No. 00-CA-1639.
Court of Appeal of Louisiana, Fifth Circuit.
February 28, 2001.
Writ Denied May 11, 2001.
*793 Lloyd N. Shields, Daniel Lund, III, Mark S. Senter, William J. Perry, Shields Mott Lund L.L.P., New Orleans, for Appellant Premier Glass Plus, Inc.
David J. Krebs, Maura Z. Pelleteri, Preaus, Roddy & Krebs, L.L.P., New Orleans, for Appellant Amwest Surety Insurance Company.
Thomas F. Gardner, Douglas A. Kewley, Mary Ann Darr Wegmann, Metairie, for Appellee Gootee Construction, Inc.
Panel composed of Judges EDWARD A. DUFRESNE, Jr., JAMES L. CANNELLA and PATRICK SCHOTT, Pro Tempore.
CANNELLA, Judge.
Defendants, Premier Glass Plus, Inc. (Premier) and its insurer, Amwest Surety Insurance Company (Amwest), appeal from the summary judgment granted in favor of Plaintiff, Gootee Construction, Inc. (Gootee). For the reasons which follow, we reverse and remand.
The New Orleans Aviation Board (NOAB), as owner, contracted with Gootee, as general contractor, for renovations to Concourse D at the New Orleans International Airport (the Project). One of the requirements of the Project was the installation of an exterior, insulated panel wall system (Panel System). On April 5, 1995, Gootee entered into a subcontract (the Subcontract) with Premier to provide the Panel System for the Project. The Subcontract sum to be paid to Premier upon completion was $639,000. The rights and responsibilities of the parties were set out in the Subcontract, with reference to certain specifications for the Panel System. Alply Inc. (Alply) was set out as an acceptable manufacturer of the panels within the designated specifications and the panels were to be installed according to the manufacturer's installation instructions. Premier secured the obligations of the Subcontract with a performance bond issued by Amwest. Premier in turn contracted with another company, Premier Glass, Inc. (Premier, Inc.), to do the actual installation work.
Sometime thereafter, Gootee became dissatisfied with Premier's work and, on May 12, 1997, sent a letter to Alply, with a copy to Premier, notifying them that the installation of their materials by Premier had been rejected by the Airport Management Consultants because several panels had been field cut, exposing the insulation, and had not been properly installed.
Gootee hired another subcontractor, De-George Glass Company, Inc.(DeGeorge), to rework the exterior wall system for the Project. After DeGeorge completed its work on the Project, Gootee made demand on Premier and Amwest for payment of $479,955, the amount allegedly charged by DeGeorge for the rework. Premier and Amwest refused to provide payment to Gootee for DeGeorge's work on the Project. On January 20, 1998, Gootee filed the instant suit seeking reimbursement for *794 the funds which it expended to correct the defective work performed by Premier.
In response to the suit, Premier filed an answer and a third-party demand against Alply. Premier filed a supplemental and amending third-party demand against Premier, Inc., the actual installer of the panels, and Lloyds of London, its insurer.
On February 9, 2000, Gootee filed a Motion for Summary Judgment, contending that Premier breached its contract with Gootee by not installing the panels in accordance with the manufacturer's specifications, as required by their contract. Gootee attached the contracts, its May 12, 1997 notice of defect letter addressed to Alply with copies to Premier and Amwest, the July 31, 1997 formal rejection notice by the NOAB because of improper installation, and the deposition of C. Reece Owen (Owen), the President and executive officer designated by Premier, acknowledging that the installation of certain panels was not in accordance with the manufacturer's specifications.
Premier opposed the summary judgment with affidavits by Owen and Dan Kinney (Kinney), President of Premier, Inc. Owen's affidavit stated that Premier had subcontracted with Premier, Inc. for installation of the panels and that Premier, Inc. was an authorized installer for Alply, the manufacturer of the wall system that met the specifications in the subcontract. Kinney's affidavit stated that Premier, Inc. was an authorized installer for Alply, that Premier completed two phases of the required work, that the work was inspected periodically by Alply and that the warranty was issued by Alply. He stated that the warranty would not have been issued by Alply if the work had not met with the manufacturer's recommendations. Thus, Premier argued that there were material issues of fact that precluded summary judgment.
The motion for summary judgment was considered by the trial court on April 11, 2000 and judgment was rendered on April 17, 2000, granting the summary judgment in favor of Gootee, awarding damages in the amount of $479,955, prejudgment interest from May, 17, 1977 of $107,733.84, and attorney's fees of $114,138.38. The judgment was specified as final between Gootee, Premier and Amwest, with only the third-party claims of Premier and Amwest against Alply, Premier, Inc ., and Lloyds of London remaining. It is from this judgment that Premier appeals.
On appeal Premier argues that the trial court erred in granting the summary judgment on two grounds: first, because Gootee did not prove it complied with the contractual putting in default requirements; and second, because Gootee did not prove Premier's alleged default or the relationship between the default and the amount of the damages.
Gootee counters that Premier cannot raise, for the first time on appeal, any issues concerning defects in the manner in which Gootee notified Premier that it was in default. Premier did not raise this defense in the trial court and, therefore, cannot raise it now.[1] Further, Gootee argues that Premier was put in default and the contractual default requirements were met by the May 12, 1997 letter to Alply which was copied to Premier. Also, Gootee points out that there are two separate *795 contractual provisions applicable to noncompliance with the contractual requirements, one addressing default and the other for breach, which does not require notice. Gootee also argues that it met its burden for summary judgment by the deposition testimony of Owen, who admitted that some of the work was not up to specifications.
La. C.C.P. art. 966 provides that a summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Under the 1997 amendment to the article, summary judgment is favored, but the burden of proof remains with the mover. Chiasson v. New Orleans Pub. Group, Inc., 99-1338 (La.App. 5th Cir.4/25/00), 761 So.2d 89; Hussain v. Enterprise Leasing Co., Inc., 98-806 (La.App. 5th Cir.3/10/99), 735 So.2d 46, 47. Appellate courts review the granting of a summary judgment de novo under the same criteria governing the trial court's consideration of whether a summary judgment is appropriate. Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152; Felix v. Briggs of Oakwood, Inc., 99-721 (La.App. 5th Cir.12/15/99), 750 So.2d 1091.
After reviewing the record in this case, we conclude that the trial court erred in granting the summary judgment. We find that Gootee, as mover for the summary judgment, did not meet its burden of proving that there were no material issues of fact and that it was entitled to judgment as a matter of law. Moreover, principles of judicial efficiency dictate against this piecemeal resolution of the case, by granting summary judgment in favor of Gootee against Premier, where the same issues remain to be resolved through trial of the third-party action by Premier against Premier, Inc. and Alply.
The trial court rendered summary judgment in favor of Gootee and against Premier holding Premier liable for over $479,955 in damages, interest and attorney fees. We find that the record does not support this conclusion as a matter of law. While Gootee did produce evidence of some default by Premier through the deposition testimony of Owen, the record does not provide sufficient proof of the relationship between the established default and the amount of the damages claimed as a result of that default.
Gootee relies heavily on Owen's deposition testimony in support of its entitlement to summary judgment for default. However, in the deposition excerpts included in support of the summary judgment, Owen only admits to problems on 22 panels. While that may establish some degree of default, it does not meet the burden of proof to support a judgment for almost $500,000 of repair work. Gootee included, in support of its motion, an affidavit by Matt O'Brien, the project manager for Gootee, which states that "the amount justly owed to Gootee" for the "replacement work" was $479,955. However, this statement is a conclusion and was not supported by sworn and certified copies of all papers referenced therein as required by La. C.C.P. art. 967.
In contrast, Premier, through affidavits, put the question or at least the degree of any default at issue. Premier established that Premier, Inc. was an authorized installer of the Alply panels that met the contract specifications. Premier, Inc. actually did the installation work. Alply inspected the work periodically and issued the warranty for the work. Alply does not issue a warranty if the installation work is not done to Alply specifications. Thus, the record before us leaves unresolved issues *796 regarding the extent of any default or defect in the installation of the Alply panels.
Moreover, we are reinforced in our view that the summary judgment should not be granted in this case because of the judicial inefficiency in summarily disconnecting this part of the case from the remaining issues. Premier has filed a third-party claim against Premier, Inc., and Alply. Even if this summary judgment were to be affirmed, the issues regarding any defects in the installation work, or whether the work fell below the Alply specifications must still be tried on the merits. Thus, rather than divide the case, since a trial must be held on the third-party claims, which are related to the claims in the summary judgment, principles of judicial efficiency dictate that all issues regarding defects in workmanship, or installation below the Alply specifications and the degree of damages suffered by any default in that regard should be fully tried and resolved together.
Therefore, we find that summary judgment in favor of Gootee is not appropriate on the record before us because there are material issues of fact which remain unresolved and, because of the nature of this case and the third-party demands, it is not one which is best and efficiently decided in a piecemeal fashion.
Accordingly, for the reasons set forth above, we reverse the trial court judgment which granted summary judgment in favor of Gootee and against Premier and remand for further proceedings consistent with this opinion. Because of our action to reverse, the demand for damages and attorneys fees of Gootee for frivolous appeal is denied.
REVERSED AND REMANDED.
NOTES
[1] Gootee also filed in this court a motion to strike these arguments from Premier's brief because they are presented for the first time on appeal. While we deny the motion to strike, we find merit in Gootee's argument that such a defense cannot be presented for the first time on appeal, when it was not raised in the trial court. Therefore, we will not consider such argument.