815 So.2d 245 (2002)
Sar Lou Prince wife of/and Mayer PRINCE
v.
K-MART CORPORATION, et al.
No. 01-CA-1151.
Court of Appeal of Louisiana, Fifth Circuit.
March 26, 2002.
*246 Francis B. Mulhall, Stephen C. Hartel, Jr., Metairie, LA, for Appellants, Farrel Prince and Cheryl Prince Daix.
Cherie T. Burlett, D. Ashbrooke Tullis, New Orleans, LA, for Appellees, Moise Steeg, Jr., William Goldring, GGS, L.L.C., K-Mart Corporation and American Manufacturers Mutual Insurance Company.
John E. Mcauliffe, Jr., Frederick A. Miller & Associates, Metairie, LA, for Appellees, New Orleans Hamburger & Seafood Company, Inc. and State Farm Fire and Casualty Company.
(Panel composed of Judges JAMES L. CANNELLA, MARION F. EDWARDS and SUSAN M. CHEHARDY).
JAMES L. CANNELLA, Judge.
Plaintiffs, Farrel Prince and Cheryl Prince Daix, appeal the dismissal of their automobile accident suit by summary judgment in favor of Defendants, K-Mart Corporation (K-Mart), New Orleans Hamburger and Seafood Company (NOHSC), William Goldring, Jerome Goldman, and Moise Steeg, Jr. Farrel Prince and Cheryl Prince Daix were substituted as Plaintiffs following the deaths of their parents, Sara Lou Prince and Meyer Prince, the original Plaintiffs in the case.
On March 3, 1994, Sara Lou Prince left the K-Mart store located in a retail shopping center at 7000 Veterans Memorial Boulevard (Veterans) in Metairie, Louisiana. As she drove in the exit lane of the parking lot toward Veterans, a collision occurred between her car and a vehicle driven by Defendant, Anna Royes. Anna Royes was attempting to cross the exit lane from the adjacent parking lot of the NOHSC and struck Sara Lou Prince's car on the passenger's side.
On March 1, 1995, Sara Lou Prince and Meyer Price filed suit against the Defendants and Anna Royes and her insurer, State Farm Automobile Insurance Company (State Farm), for injuries to her hands, jaw, mouth, right arm, and back, and for Meyer Prince's loss of consortium. In addition to the negligence of Anna Royes, they asserted that the Defendants were negligent as the premises owners or lessees in control of the parking lots because there were no stop or warning signs where the accident happened. At some point in the proceedings, Plaintiffs settled with Anna Royes and State Farm, who were apparently dismissed from the suit.[1] Therefore, the question of the liability of the drivers of the two vehicles is not before us, only the liability of the Defendants.
In January and March of 2001, Defendants filed motions for summary judgment, asserting that Plaintiffs would be unable to prove any liability against them based on the deposition testimony of Anna Royes and Sara Lou Prince. They contended that the deposition of Anna Royes shows that she stopped and looked both ways before starting across the exit lane in which Sara Lou Prince was traveling. Further, Sara Lou Prince and Anna Royes failed to see each other before the accident. Thus, the lack of signs was irrelevant to the accident because the cause of the accident was the negligence of either or both of the drivers to see what they should have seen. In response, Plaintiffs filed an opposition and a supplemental answer to the Defendants' original interrogatories. In the supplemental answer to the interrogatories, Plaintiffs referred to a report by their expert, Robert Lipp (Lipp), *247 who concluded that the parking lots were unsafe, not only because they lacked signs, but because they lacked islands, a channelization of traffic flow and some type of control, relative to the main exit lane from the main shopping center to the highway. He further said that it was negligent to not have speed bumps in the two lanes of travel of the main exit. He stated that he observed that traffic routinely crossed the NOHSC parking lot and entered the main shopping center lot on an angle.
The trial judge heard the motions for summary judgment on April 11, 2001. He granted them on April 16, 2001. In his reasons for judgment, the trial judge stated that he disregarded the expert's report and affidavit because the expert failed to state his qualifications and to cite any scientific basis or methodology for his conclusions. Thus, there was no affirmative showing that the affiant was competent to testify. The trial judge further stated that, even if the expert's testimony was acceptable, the testimony would not have assisted the trier of fact because it was "obvious that the negligence of either or both of the drivers was the proximate cause of the accident." He referenced Anna Royes' undisputed testimony that she looked both ways before starting across the exit lane and striking the other car. Thus, the "absence or presence of islands, `channelization,' etc., in the parking lot was irrelevant to the issue of cause..." and the allegation that the parking lot was unreasonably dangerous lacked factual support.
Plaintiffs filed a Motion for New Trial that was denied on April 26, 2001. In that motion, they attempted to produce another affidavit in order to qualify Lipp as an expert and thus to raise a disputed issue of material fact on the issue of liability. The trial judge rejected the affidavit because the allegations within were not evidence discovered since the prior hearing that could not have been discovered with due diligence, as required by La.C.C.P. art. 1972(2). He further found that, even if Lipp's testimony was admissible, his conclusions were irrelevant as the undisputed facts show that the proximate cause of the accident was the conduct of the two drivers after Anna Royes proceeded into Sara Lou Prince's lane of travel.
On appeal, Plaintiffs assert that the trial judge erred in considering the deposition testimony because only parts of the depositions were attached to the motions, and that he erred in usurping the function of the jury by making a factual determination on the issue of proximate cause based on depositions not filed in the record. They also contend that the supplemental answer to interrogatories refutes the "false premise" on which Defendants' motions are based.
Plaintiffs first argue that the trial court cannot consider excerpts of deposition testimony in ruling on a motion for summary judgment, citing Funck v. Surgi's Heating and Air Conditioning, Inc., 537 So.2d 840, 844 (La.App. 5th Cir.1989). In this case, the Defendants based the motions on excerpts from the depositions of Anna Royes and Sara Lou Prince.
Although we are bound by the decisions of our Court, the Funck decision was rendered prior to the amendment to La. C.C.P. art. 1446, which provides that the original of a deposition shall not be filed in the record. Under La. C.C.P. art. 853, supporting documents for motions for summary judgments are made part of the record by attaching them to the motion. Anderson v. Allstate Insurance Company, 93-1102 (La.App. 1st Cir.4/8/94); 642 So.2d 208, 212-13. In addition, La.C.C.P. art. 1450 provides that a party can use any part or all of a deposition against any party present and represented at the deposition, *248 or who had reasonable notice, at a hearing on a motion. Furthermore, Plaintiffs failed to object to the use of the excerpts when offered into evidence. See: La.C.C.P. art. 1450A(4); Barnett v. Staats, 25,357 (La.App. 2nd Cir.1/19/94), 631 So.2d 84, 88. Had they done so, they could have required Defendants to introduce any other relevant portions of the depositions which, in fairness, should have also been considered. Finally, we note that this Court has consistently considered deposition excerpts since Funck, as has the Louisiana Supreme Court when considering motions for summary judgment. See: King v. Phelps, Dunbar, L.L.P., 98-1805 (La.6/4/99), 743 So.2d 181, 191; Roger v. Dufrene, 613 So.2d 947, 951 at N. 2 (La. 1993); Gootee Construction, Inc. v. Amwest Surety Ins. Co., 00-1639 (La.App. 5th Cir.2/28/01); 781 So.2d 792, 795; Cunningham v. Northland Ins. Co., 00-888 (La. App. 5th Cir.9/14/00), 769 So.2d 689, 693. Consequently, we find that the trial judge did not err in considering the excerpts of the depositions.
Next, Plaintiffs contend that the supplemental answer to interrogatories refutes the premise on which Defendants' motions are based concerning stop signs and raises a disputed issue of material fact as to causation due to the defective design of the parking lots. Plaintiffs argue that Lipp's report found the area unsafe due to the absence of islands and/or a system to channel the traffic flow, which could have prevented Anna Royes from crossing through the NOHSC parking lot and colliding with Sara Lou Prince. They argue that the expert's opinion should not have been disregarded by the trial judge.
La. C.C.P. art. 966B provides that a summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact and that mover is entitled to judgment as a matter of law. Summary judgment is favored, but the burden of proof remains with the mover. Gootee Const., Inc., 781 So.2d at 795. If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense, the nonmoving party then must produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial. La. C.C.P. art. 966(C)(2). If the nonmoving party fails to do so, there is no genuine issue of material fact, and summary judgment should be granted. La. C.C.P. arts. 966 and 967; Smart v. Winn Dixie of Louisiana, Inc., 99-435 (La.App. 5th Cir.9/28/99), 742 So.2d 1062, 1064.
Appellate courts review the granting of a summary judgment de novo under the same criteria governing the trial court's consideration of whether a summary judgment is appropriate. Gootee Const., Inc., 781 So.2d at 795.
After our de novo review, first we find no error in the trial judge's decision to disregard the expert's opinion because his affidavit and report did not state his qualifications and failed to include a methodology for reaching the conclusion. Although Plaintiffs attempted to remedy this by providing the information in conjunction with their motion for new trial, the trial judge correctly determined that a new trial was not warranted. The judgment was not clearly contrary to the law and the evidence and the new information was not newly discovered evidence that could not have been discovered or obtained with due diligence beforehand. La.C.C.P. art. 1972.
Second, we agree with the trial judge that, whether or not the expert's affidavit and report are considered, the *249 proximate cause of the accident was the failure of one or both of the drivers to see what they should have seen, not a defect in the design of the parking lots. Consequently, we find that the trial judge did not err in granting the motions for summary judgment.
Accordingly, the judgment of the trial court is hereby affirmed. Costs of appeal are to be paid by Plaintiffs.
AFFIRMED.
NOTES
[1] The record was designated and this information is sketchy. However, only the named Defendants in this appeal remained in the case in 2001.