1 ¡WALTER J. ROTHSCHILD, Judge.
On August 8, 2000, the plaintiff, Adam Cliatt, filed suit against the Great Atlantic & Pacific Tea Company, T.J. Ward General Contractors, Inc. (“T.J.Ward”), and the Zurich American Insurance Company, alleging that he suffered injuries while operating his bicycle behind a grocery store, owned by the Great Atlantic and Pacific Tea Company, when his bicycle struck a board that was on the ground. The plaintiff contends that T.J. Ward was performing construction on the premises at the time and had placed two boards around a steel rod or pipe for support. The plaintiff filed a First Supplemental and Amending Petition on February 19, 2002, adding T. Jerard Ward General Contractors, Inc. (“T. Jerard Ward”) as a defendant, and a Second Supplemental and Amending Petition on March 1, 2002, adding Assurance Company of America as a defendant.
• T.J. Ward and Assurance Company of America filed a Motion for Summary Judg *521 ment asserting that T.J. Ward and T. Jer-ard Ward are separate legal entities and that it was T. Jerard Ward that was working on the site where the accident allegedly occurred. Therefore, it asserts that T.J. Ward is not responsible for the plaintiffs injuries and is entitled to dismissal from the lawsuit. After a hearing on [3March 26, 2002, the trial court granted the Motion for Summary Judgment filed by T.J. Ward and Assurance Company of America and dismissed them from the suit with prejudice. It is from this ruling that the plaintiff appeals.

DISCUSSION

On appeal, Mr. Cliatt contends that the dismissal of T.J. Ward and Assurance Company of America was improper, because there are genuine issues of material fact as to whether T.J. Ward and T. Jerard Ward are the same company. T.J. Ward argues that T.J. Ward and T. Jerard Ward are separate legal entities and that T.J. Ward was an inactive company at the time of the accident.
Appellate courts review summary judgments de novo, using the same criteria applied by the trial court to determine whether a summary judgment is appropriate. Magic Moments Pizza, Inc. v. Louisiana Restaurant Ass’n., 02-160 (La.App. 5 Cir. 5/29/02), 819 So.2d 1146, 1149; Carr v. Wal-Mart Stores, Inc., 00-896 (La.App. 5 Cir. 10/81/00), 772 So.2d 865, 866, writ denied, 00-3247 (La.1/26/01), 782 So.2d 636. Summary judgments are now favored in the law and the rules should be liberally applied. Nutt v. City of Gretna, 00-1864 (La.App. 5 Cir. 5/16/01), 788 So.2d 617, 619. LSA-C.C.P. art. 966 provides that a summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, and affidavits, if any, establish that there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. Prince v. K-Mart Corp., 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248.
In support of their Motion for Summary Judgment, T.J. Ward and Assurance Company of America submitted an affidavit from Mr. T.J. Ward indicating that T.J. Ward General Contractors, Inc. was dissolved on March 15, 1994, and that it was not involved in the construction project from which Mr. Cliatt alleges injuries. T.J. Ward asserts that although Mr. T.J. Ward and Mr. T. Jerard Ward are father and son, Mr. T. Jerard Ward incorporated T. Jerard Ward General Contractors, Inc. |4in June of 1996 and T.J. Ward was not affiliated with this company. An affidavit from Mr. T. Jerard Ward was also submitted, indicating that T. Jerard Ward had entered into a contract with Great Atlantic and Pacific Tea Company for renovations, that T.J. Ward had nothing to do with this project, and that T.J. Ward and T.Jerard Ward are separate legal entities. T.J. Ward also submitted the contract for construction/renovation work between the Great Atlantic & Pacific Tea Company, Inc. and T. Jerard Ward General Contractor, Inc., which was dated March 17, 1999. Mr. Cliatt’s accident allegedly occurred on August 30,1999.
The evidence submitted by T.J. Ward and Assurance Company of America in support of their Motion for Summary Judgment presents a prima facie case that they are entitled to a summary judgment, dismissing them from this lawsuit. When a summary judgment movant makes a pri-ma facie showing that its motion should be granted, the burden shifts to the nonmov-ant to present evidence demonstrating that material factual issues remain and that he will be able to satisfy his evidentiary burden of proof at trial. LSA-C.C.P. art. 966; Black v. Avondale Industries, Inc., 00-1511 (La.App. 5 Cir. 3/28/01), 783 So.2d 505, 508; Prince, supra at 248. Although *522 the plaintiff argues that there are issues regarding whether or not T.J. Ward and T. Jerard Ward are the same company, there has been no evidence presented to support this allegation or to establish that there are genuine issues of material fact on this issue.
Considering the record before us, we find that the trial judge was correct when he granted summary judgment in favor of T.J.Ward General Contractors and its insurer, Assurance Company of America, and dismissed them from this lawsuit. Accordingly, this judgment of the trial court is affirmed.

AFFIRMED.