922 So.2d 637 (2006)
John HOVER and Jennifer Hover
v.
Dr. George A. FARBER and Gulf South Medical and Surgical Institute.
No. 05-CA-613.
Court of Appeal of Louisiana, Fifth Circuit.
January 31, 2006.
Leo J. Palazzo, David D. Bravo, Attorney at Law, Gretna, Louisiana, for Plaintiff/Appellee.
Aldric C. Poirier, Jr., James W. Vitrano, Attorney at Law, Mandeville, Louisiana, for Defendant/Appellant.
Panel composed of Judges CLARENCE E. McMANUS, WALTER J. ROTHSCHILD, and SAM A. LeBLANC, III, Pro Tempore.
WALTER J. ROTHSCHILD, Judge.
On August 2, 2004, plaintiffs, John and Jennifer Hover, filed this medical malpractice action against defendants, Dr. George Farber and Gulf South Medical and Surgical Institute ("GSMSI"), asserting that Mr. Hover got an infection and sustained other damages as a result of a surgery to remove a carbuncle, which was performed by Dr. Farber at GSMSI on November 6, 2001. They allege that Dr. Farber negligently breached the standard of care in his treatment of Mr. Hover and thus, he committed medical malpractice. Dr. Farber and GSMSI filed an Answer, denying plaintiffs' allegations.
On November 10, 2004, plaintiffs filed a Motion for Partial Summary Judgment on *638 the issue of liability. They argued that the medical review panel determined that Dr. Farber did not correctly treat Mr. Hover's condition and that there is no evidence to show that Dr. Farber was not negligent. Dr. Farber and GSMSI filed an opposition to plaintiffs' Motion for Partial Summary Judgment, asserting that there are genuine issues of material fact regarding whether or not Dr. Farber breached the standard of care. In support of their opposition, defendants submitted an affidavit from Dr. Randolph Howes, in which he opined that Dr. Farber complied with the standard of care for dermatologic surgeons in his treatment of Mr. Hover.
A hearing on this motion was held on March 21, 2005. At the conclusion of the hearing, the trial judge granted plaintiffs' Motion for Partial Summary Judgment on the issue of liability. Dr. Farber and GSMSI appeal this ruling.

DISCUSSION
Appellate courts review summary judgments de novo using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Prince v. K-Mart Corp., 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248. A motion for summary judgment is properly granted when the pleadings, depositions, answers to interrogatories, and admissions, together with affidavits, if any, show that there is no genuine issue of material fact such that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B).
Our review of the record in this case reveals that a de novo review of the summary judgment is not possible, because the documents and evidence that were submitted in support of plaintiffs' Motion for Partial Summary Judgment, and which were apparently relied on by the trial court, are not contained in the appellate record.
A Court of Appeal is a court of record, which must limit its review to evidence in the record before it. LSA-C.C.P. art. 2164; Board of Directors of Industrial Development Bd. of City of New Orleans v. All Taxpayers, Property Owners, Citizens of New Orleans, 03-0826 (La.App. 4 Cir. 5/29/03), 848 So.2d 740, 744, writs denied, 03-1527, 03-1842 (La.10/1/03), 855 So.2d 287, 288. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Id. Even after the record has been transmitted to the appellate court, the record can be supplemented by stipulation of the parties, by the trial court, or by order of the appellate court, only if the evidence was properly filed into the record in the trial court. LSA-C.C.P. art. 2132; Nuccio v. Robert, 99-1327 (La.App. 5 Cir. 4/25/00), 761 So.2d 84, 87, writ denied, 00-1453 (La.6/30/00), 766 So.2d 544. A written motion for summary judgment is a "pleading" under LSA-C.C.P. art. 852, and written documents may be attached to pleadings and made part thereof. LSA-C.C.P. art. 853; Arnette v. NPC Services, Inc., 00-1776 (La.App. 1 Cir. 2/15/02), 808 So.2d 798, 801.
In the instant case, the record on appeal was certified by the Clerk of Court's office as containing all of the pleadings, documents, and evidence in this matter. However, the Motion for Partial Summary Judgment makes reference to several "attached" exhibits, none of which are contained in the appellate record. At the hearing on the Motion for Summary Judgment, counsel for defendants stated, "....what plaintiff has done is submitted to the Court a brief, a motion and a pile of documents, none of which is sworn matter. It's just miscellaneous records and reports, etc., etc." (Emphasis added.). Although *639 the Motion for Partial Summary Judgment refers to exhibits that would typically be sworn, such as affidavits, defense counsel stated during the hearing that none of the documents submitted by plaintiffs were sworn.
Pursuant to LSA-C.C.P. art. 2161, an appeal shall not be dismissed when the trial record is incomplete, and the court may remand the case for correction of the record. There are procedures by which the record can be supplemented in this Court. However, in order to ensure an accurate record and to verify that the exhibits in support of the Motion for Partial Summary Judgment are presented to this Court in the same form as they were presented to the trial court, we find it necessary to remand this case to the trial court and order correction of the record. If the exhibits in support of the Motion for Partial Summary Judgment cannot be located by the trial court or clerk's office, or if these exhibits were inadvertently not provided to the trial court when the motion was originally filed, then a retrial of this motion will be necessary.

DECREE
For the reasons set forth above, this case is remanded to the trial court for correction of the record or, alternatively, for a retrial of the Motion for Partial Summary Judgment.
REMANDED.