McMANUS, Judge.

\ STATEMENT OF THE CASE

On August 20, 2002, plaintiff, Kermit Ortolano, filed a Petition for Damages *193 against BDI Marketing, Body Dynamics, Inc. and ABC Insurance, as the insurer for BDI and Body Dynamics. Ortolano alleged that on August 20, 2001, he awoke with chest pains and was taken to the hospital and diagnosed as having a heart attack. He was eighteen years old at the time and in excellent health. He had allegedly taken a normal dose of Mini Brands Two-Way Action medication the day before. Ortolano alleged the ingestion of the Mini Brands Two-Way Action was a cause-in-fact of the heart attack and he sustained painful, debilitating injuries to his heart because of the ingestion of the defective product. He was required to seek medical help and was hospitalized for four days, suffered pain, discomfort, aggravation and loss of enjoyment of life. He also alleged he sustained economic loss from his inability to work due to his injuries.
Ortolano’s petition alleged the defendants were liable to him for the distribution and marketing of the product without regard to users’ safety because: 1) the defective product was inferior' in design and marketed to a group other than the drugs intended use, 2) the product was unreasonably dangerous in construction [ opr composition, 3) the product was unreasonably dangerous in design, 4) the product was unreasonably dangerous because of adequate warnings about the drug was not provided to consumers, and 5) any and all other acts of negligence and carelessness.
Defendants filed an Answer on November 14, 2002 and Ortolano then filed a Supplemental and Amended Petition in May 2003 adding Mediplas Innovations, Inc. as a defendant and substituting Gemini Insurance Company for ABC Insurance Company. The supplemental petition alleged that Mediplas was the manufacturer of Mini Thins/Mini-brand Two-Way Action and the product was defective because Mediplas failed to warn individuals of the hazardous and/or toxic nature of the pills. Ortolano alleged that Mediplas had expressly warranted the pills were safe and fit for purposes they were intended, and Ortolano further alleged the pills were not safe and effective because they contained ingredients that caused Ortolano’s heart attack.
All parties engaged in discovery and defendants filed an Answer to the Amended and Supplemental Petition on October 31, 2003. Body Dynamics, Inc. d/b/a BDI Marketing then filed a motion for summary judgment arguing that there was no claim under the Louisiana Products Liability Act, which is Ortolano’s exclusive remedy for liability of manufacturers for damages caused by their products. Mediplas and Gemini Insurance also filed a motion for summary judgment based on the same argument. A hearing was held on these motions for summary judgment on January 6, 2005.
On April 21, 2005, the trial court granted both motions, dismissing all claims filed by Ortolano. The trial court found that Ortolano could not prevail on any of the theories of recovery provided by the Louisiana Products Liability Act. The trial court found that under the Act, Ortolano’s damages had to be proximately 14caused by a characteristic of the product that renders the product unreasonably dangerous when the damage arose from a reasonably anticipated use of the product by the claimant or another person or entity. The trial court acknowledged that Ortolano admitted in his deposition that he took six tablets within fourteen and a half hours and claims he did not exceed the label’s recommended dosage of six tablets in twenty-four hours. Ortolano also admitted that he did not read the entire label but read only the dosage information and warnings. *194 He took approximately two and a half pills every four hours, disregarding the recommended dosage of one half to one tablet every four hours, or not more than six tablets in twenty-four hours. The trial court found that an abuse of dosage is not a reasonably anticipated use, regardless of the motive for taking the medication.
The trial court also found that Ortolano did not present evidence that the product in question failed to provide an adequate warning. Ortolano admitted in his deposition that he did not read the entire label, therefore, the trial court found that he would not have been aware of a “sufficient” warning, even if one had existed. The trial court further found that Ortola-no’s failure to warn claim must fail because it could not have been the proximate cause of his damages. Finally, the trial court found that there were no genuine issues of material fact because Ortolano has failed to establish that he will be able to satisfy his evidentiary burden at trial that the product is unreasonably dangerous in construction or composition in design or by failing to conform to an express warranty of the manufacturer.
On May 4, 2005, the trial court signed a Final Judgment ordering that Ortolano’s lawsuit be dismissed with prejudice, at his cost, since the defendants’ motion for summary judgment had been granted. Ortola-no now appeals the trial court’s judgment alleging the trial court erred in granting defendants’ motions for summary judgment. Ortolano argues there were genuine issues of material fact to |fibe decided by the trier of fact and the court invaded the province of the jury by weighing conflicting evidence and making a factual determination that the defendants did not breach the applicable standard of care. He further argues the trial court failed to view the evidence in the light most favorable to him, the non-movant.
For the reasons which follow, we affirm the judgment of the trial court.

DISCUSSION

Summary judgment should be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact, and that mover is entitled to judgment as a matter of law. La. C.C.P. art. 966(B). After adequate discovery or after a case is set for trial, a motion which shows that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law, shall be granted. La. C.C.P. art. 966(C)(1). An appellate court shall conduct a de novo review of the evidence to determine whether summary judgment granted by the trial court is appropriate. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750; Prince v. K-Mart Corp., 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248.
Ortolano’s claims against defendants are governed by the Louisiana Products Liability Act. La. R.S. 9:2800.54 provides that:
A. The manufacturer of a product shall be liable to a claimant for damage proximately caused by a characteristic of the product that renders the product unreasonably dangerous when such damage arose from a reasonably anticipated use of the product by the claimant or another person or entity.
B. A product is unreasonably dangerous if and only if:
(1) The product is unreasonably dangerous in construction or composition as provided in R.S. 9:2800.55;
[r(2) The product is unreasonably dangerous in design as provided in R.S. 9:2800.56;
*195 (3) The product is unreasonably dangerous because an adequate warning about the product has not been provided as provided in R.S. 9:2800.57; or
(4) The product is unreasonably dangerous because it does not conform to an express warranty of the manufacturer about the product as provided in R.S. 9:2800.58.
C. The characteristic of the product that renders it unreasonably dangerous under R.S. 9:2800.55 must exist at the time the product left the control of the manufacturer. The characteristic of the product that renders it unreasonably dangerous under R.S. 9:2800.56 or 9:2800.57 must exist at the time the product left the control of its manufacturer or result from a reasonably anticipated alteration or modification of the product.
D. The claimant has the burden of proving the elements of Subsections A, B, and C of this Section.
In order for Ortolano to recover under this statute, he would have to prove that his damages were proximately caused by a characteristic of the medication that renders it unreasonably dangerous and that his damages arose from a reasonably anticipated use of the medication. Ortola-no must prove that the medication is unreasonably dangerous because of one of the following: (1) it is defective in construction or composition, (2) it is defective in design, (3) it had an inadequate warning, or (4) it failed to conform to express warranty.
First, we find that the medication, Mini Brands Two-Way Action, taken by Ortola-no, was not unreasonably dangerous. The medication was not defective in construction or composition. In order for a product to be unreasonably dangerous in construction or composition, it must deviate in a material way from the manufacturer’s specifications or performance standards for the product or from otherwise identical products manufactured by the same manufacturer. La. R.S. 9:2800.55. Ortolano has provided no evidence that this medication deviated from the manufacturer’s specifications or performance standards of similar products.
RNext, we find the medication was not unreasonably dangerous in design. La. R.S. 9:2800.56 provides that in order for a product to be unreasonably dangerous in design, there must exist an alternative design for the product that was capable of preventing claimant’s damages, and the likelihood that the product’s design would cause the claimant’s damage and the gravity of the damage outweigh the burden on the manufacturer to adopt the alternative design and the adverse effect of the alternative design on the utility of the product. An adequate warning about a product shall be considered in evaluating the likelihood of damage when the manufacturer has used reasonable care to provide the adequate warning to users of the product. La. R.S. 9:2800.56. Again, Ortolano has failed to provide any evidence that the medication was unreasonably dangerous in design. He has not shown there is an alternative design that would have been capable of preventing his damages.
We also find that Ortolano has failed to prove the medication was unreasonably dangerous due to inadequate warnings. The packaging of the medication stated “[d]o not use • unless a doctor has said you have asthma ...” or if you are taking specific medications. The packaging also stated to “[a]sk a doctor before using this drug if you have • heart disease • high blood pressure • thyroid disease ...” or several other enumerated conditions. The package further stated to “seek medical help right away if symptoms are not relieved within 1 hour or become worse”. *196 These warnings are adequate and have met the standards of the United States Food & Drug Administration. In addition, Ortolano admitted in his deposition that he did not even read the warnings that were present on the packaging.
[sWe also find that the medication was not unreasonably dangerous because of nonconformity to express warranty. Orto-lano presented no evidence that the manufacturer of the medication provided any express warranty about the product.
In addition to finding that the medication was not unreasonably dangerous, we also agree with the trial court and find that Ortolano’s use of the product was not a reasonably anticipated use. The package of medication purchased by Ortolano contained six tablets. The directions on the back label of the package indicated that the user was not to exceed the recommended dose unless directed by a doctor. The label stated the adult dose to be one-half to one tablet every four hours, not more than six tablets in twenty-four hours, or as directed by a doctor. Ortolano stated in his deposition that he took all six tablets in fourteen and a half hours. Even though he did not take more than six tablets in twenty-four hours, we agree with the trial court that he disregarded the instructions and took approximately two and a half pills every four hours instead of one-half to one pill every four hours. Further, the label on the medication plainly indicates it is for asthma relief, stating that it helps breathing without drowsiness. Ortolano does not have asthma and he admitted that he took the medication to lose weight and gain energy. Therefore, we find that Ortolano’s use of this medication was not a reasonably anticipated use.
Thus, we agree with the trial court and find that there are no genuine issues of material fact. We also agree with the trial court and find that defendants are entitled to judgment as a matter of law. Ortolano has failed to prove that defendants are liable for damages to him under the Louisiana Products Liability Act. His damages were not proximately caused by a characteristic of the product that rendered it unreasonably dangerous and his damages were not caused by a treasonably anticipated use of the product by Ortolano. Therefore, defendants are entitled to summary judgment.
Accordingly, the judgment of the trial court granting summary judgment in favor of Body Dynamics, Inc d/b/a BDI Marketing, Mediplas Innovations, Inc., and Gemini Insurance Company, is affirmed and all claims by Ortolano in this matter are dismissed.

AFFIRMED.