33 So.3d 303 (2010)
U.S. BANK NATIONAL ASSOCIATION, as Trustee
v.
Perry CUSTER, Jr. and Internal Revenue Service.
No. 09-CA-802.
Court of Appeal of Louisiana, Fifth Circuit.
February 9, 2010.
Robert Angelle, Attorney at Law, Metairie, LA, Charles V. Cusimano, III, Attorney *304 at Law, New Orleans, LA, for Defendant/Appellant.
Daniel A. Reed, Attorney at Law, Baton Rouge, LA, for Plaintiff/Appellee.
Panel composed of Judges WALTER J. ROTHSCHILD, FREDERICKA HOMBERG WICKER, and JUDE G. GRAVOIS.
JUDE G. GRAVOIS, Judge.
Defendant, Percy Custer, Jr., has appealed a default judgment that was entered against him. For the reasons that follow, we vacate the judgment of the trial court and remand this matter for further proceedings.

PROCEDURAL HISTORY
On November 24, 2008, the plaintiff, U.S. Bank National Association, as Trustee ("U.S.Bank"), filed a petition as an ordinary proceeding entitled "Suit on Promissory Note" against defendant and the Internal Revenue Service alleging that it was a holder and payee of a certain promissory note executed by defendant on May 17, 2007 in the principal amount of $180,000.00.[1] The promissory note was secured by a mortgage granted by defendant on certain immovable property described in the petition. The petition alleged that the note became in arrears when defendant failed to pay the September 1, 2007 installment due on the note, making all of the remaining installments immediately due and payable under the terms of the note. The petition alleged that the note was lost and could not be found. The petition also prays that the mortgage be recognized and maintained.
A certified copy of the mortgage allegedly securing the note was attached to the petition. Although the petition alleged that the note was made payable to the order of BNC Mortgage, Inc. and assigned to U.S. Bank, the mortgage indicates the mortgagee on the note is Mortgage Electronic Registration Systems, Inc. (MERS). An endorsement and assignment of the note from MERS to U.S. Bank was also attached to the petition.
On April 23, 2008, U.S. Bank filed a motion for a preliminary default, stating that domiciliary service of the suit had been obtained on defendant and that defendant had failed to appear or file an answer and that the legal delays for answering had elapsed. A preliminary judgment of default was entered on that same date against defendant.
On July 21, 2009, the trial court signed a default judgment in favor of U.S. Bank confirming the preliminary default against defendant and casting defendant in judgment in the amount of $179,765.42, plus interest, attorneys' fees and costs. The judgment also recognized and maintained the mortgage.
Defendant timely filed for and was granted a devolutive appeal.

ASSIGNMENTS OF ERROR
On appeal, defendant asserts three assignments of error: 1) that the trial court erred in granting the judgment in question without requiring a certificate of publication or other proof of publication of the lost note; 2) the trial court erred in granting the judgment in question without requiring proof of the complete chain of title to the lost promissory note at issue; and 3) the trial court erred in granting judgment in question on the basis of a defective affidavit.

*305 APPLICABLE LAW

To obtain a default judgment, a party must establish the elements of a prima facie case with competent evidence, as though each of the allegations in the petition were denied by the defendant; that is, a party must present competent evidence that convinces the court that it is probable that he would prevail in a trial on the merits. Cunningham v. M & S Marine, Inc., XXXX-XXXX (La.App. 4 Cir. 1/11/06) 923 So.2d 770, 773. In this context, a prima facie case is one that will entitle the party to recover if no evidence to the contrary is offered by the opposing party. Dufrene v. Carter, 05-335 (La.App. 5 Cir. 11/29/05), 917 So.2d 1149, 1151.
Appellate review of a default judgment is restricted to determining whether the record contains sufficient evidence to prove a prima facie case. Rhodes v. All Star Ford, Inc., 599 So.2d 812, 813 (La. App. 1 Cir.1992).
On appeal, in order to obtain reversal of a confirmation of default judgment, the defendant must overcome the presumption that the judgment was rendered upon sufficient evidence and that it is legally correct. Assamad v. Percy Square and Diamond Foods, L.L.C., XXXX-XXXX (La.App. 1 Cir. 7/29/08), 993 So.2d 644, 646-647.
In order to collect on a promissory note, the plaintiff typically presents the note. However, when the plaintiff has lost the note, as in the case at bar, the contents of the note may be proved by testimony. McCloud v. Bufkin, 544 So.2d 529, (La. App. 5 Cir.1989).
LSA-R.S. 13:3740 provides for proof of the contents of a lost negotiable instrument, stating in pertinent part:
When an instrument in writing, containing obligations which the party wishes to enforce, has been lost or destroyed, by accident or force, evidence may be given of its contents, provided the party show the loss, either by direct testimony, or by such circumstances, supported by the oath of the party, as render the loss probable;....
In such cases, LSA-R.S. 13:3741 requires that the loss of the note be advertised. It provides, in pertinent part:
In every case where a lost instrument is made the foundation of a suit or defense, it must appear that the loss has been advertised within a reasonable time in a public newspaper and proper means taken to recover the possession of the instrument;....
This statute also allows the plaintiff to post security in lieu of such advertisement.

DISCUSSION AND FINDINGS
Our review of the record indicates that although plaintiff was aware of the requirement for advertisement, as evidenced by the statement in its petition that loss of the note was advertised, the record does not contain any evidence of advertisement. Although the plaintiff has attached to its brief documents to support its contention that an advertisement regarding the lost note was published in a public newspaper, we cannot accept these documents as part of our review of the case. As a court of record, we must limit our review to evidence in the record before us. La. C.C.P. art. 2164; Hover v. Farber, 05-613, p. 3 (La.App. 5th Cir.1/31/06), 922 So.2d 637, 638. An appellate court cannot review evidence that is not in the record on appeal and cannot receive new evidence. Hover at 05-613, p. 4, 922 So.2d at 638.
Further, there is no evidence in the record that U.S. Bank has posted security in lieu of publishing an advertisement. Thus, the record does not contain sufficient *306 proof that the plaintiff complied with the statutory requirements to enforce the lost note.
We accordingly find that defendant's first assignment of error has merit. Because U.S. Bank did not present sufficient proof in support of its claim at the default confirmation hearing, the judgment of the trial court must be vacated and this case must be remanded back to the trial court for further proceedings.
Because we have found sufficient grounds to vacate the judgment in question on the basis of defendant's first assignment of error, defendant's remaining assignments of error become moot.

CONCLUSION
For the foregoing reasons, we find the record does not contain sufficient evidence to prove a prima facie case that plaintiff would prevail on the merits. Accordingly, the default judgment entered by the trial court on July 21, 2009 is hereby vacated. This matter is remanded to the trial court for further proceedings.
JUDGMENT VACATED; MATTER REMANDED
NOTES
[1] The petition also alleged that there were recorded tax liens in favor of the Internal Revenue Service. The petition sought to make the tax liens inferior to the mortgage held by U.S. Bank. The allegations relative to the tax liens are not relevant to nor part of this appeal.