# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 4, 2012

No. 11-30501
Summary Calendar

Lyle W. Cayce
Clerk

YOLANDA PEART,

Plaintiff - Appellant

v.

DOREL JUVENILE GROUP, INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:09-CV-7463

Before KING, JOLLY, and GRAVES, Circuit Judges.

PER CURIAM:*

Yolanda Peart appeals the district court's grant of summary judgment. The district court held that she is not entitled to recover under the Louisiana Products Liability Act, because she could not show that Dorel Juvenile Group Incorporated's failure to provide an adequate warning was the cause of her injuries. Because there are no errors and no genuine issues of material fact, we AFFIRM the judgment of the district court, based on its well reasoned opinion.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30501

I.

On October 17, 2008, Appellant Yolanda Peart, a Stein Mart employee, injured her left arm and left shoulder when she fell from a step stool while stocking purses at the department store's Metairie, Louisiana location. The step stool was a two-step, folding stool manufactured by the Appellee, Dorel Juvenile Group, Inc. ("Dorel").

The stool contained a label on the front, right leg that said "CAUTION KEEP BODY CENTERED BETWEEN THE SIDE RAILS.  DO NOT OVER-REACH.  SET ALL FOUR FEET ON FIRM LEVEL SURFACE.  WEAR SLIP-RESISTANT SHOES."  The stool also contained a label that warned that the stool had a "Light Household Duty Rating Working Load: 200 lbs."  Peart conceded during discovery that she weighed more than 250 pounds at the time of the accident, that she had not read the warning labels before stepping on the stool, and that the stool had been improperly used in a workplace setting for many years.  Peart contends, however, that the stool did not fail because she weighed more than the recommended weight limit but because the stool had exceeded its useful life.

Peart filed suit claiming that the stool was defective in design, construction, and warnings.  Specifically, Peart argued that the stool should have contained a warning that the step stool has a limited useful life and that it should be regularly inspected to determine whether it has reached the end of its useful life.  Dorel filed a motion for summary judgment three weeks after the court-imposed deadline for filing motions.  In response to the motion for summary judgment, Peart abandoned all theories of liability except for the claim that the stool contained inadequate warnings.  The district court granted the motion for summary judgment, holding that Peart could not prove that Dorel's failure to include adequate warnings was the cause of her injuries.  Peart filed this appeal, contending that the district court made a material error in granting

No. 11-30501

the motion for summary judgment outside of its deadline and that the district court erred by dismissing her products liability claims.

## II.

## A.

First, Peart contends that the motion for summary judgment was untimely. Rule 56(b), however, allows a defendant to move for summary judgment at any time. Accordingly, the district court may grant summary judgment any time before trial. *See Bynum v. FMC Corp.*, 770 F.2d 556, 577-78 & n.32 (5th Cir. 1985). Because Peart cannot establish that she was prejudiced by the district court's consideration of Dorel's motion, we find the district court did not abuse its discretion. *See Prudhomme v. Tenneco Oil Co.*, 955 F.2d 390, 392-96 (5th Cir.), *cert. denied*, 506 U.S. 826 (1992).

## B.

Peart also contends that the district court erred by rejecting her argument that the stool should have contained a warning concerning the useful life of the product and by dismissing her lawsuit. The Louisiana Products Liability Act requires that a manufacturer use reasonable care in deciding whether to provide a warning for its product. LA. REV. STAT. § 9:2800.57 (2011). The plaintiff, however, bears the burden of proving that, "but for" the inadequate warning, the accident would not have occurred. *See Brown v. Parker-Hannifin Corp.*, 919 F.2d 308, 311 (5th Cir. 1990). At her deposition, Peart testified that she did not read the pre-existing warning labels on the step stool. Thus, even if we were to find that Dorel acted unreasonably by not including a warning about the useful life of the step stool, Peart cannot show that Dorel's inadequate warning was the cause of her injuries, because she did not read the warnings. *See Ortolano v. BDI Marketing*, 930 So. 2d 192, 196 (La. Ct. App. 2006) (affirming summary judgment because "[the plaintiff] admitted in his deposition that he did not read the entire label, therefore, the trial court found that he would not have been

No. 11-30501

aware of a 'sufficient' warning, even if one had existed").  In like manner, we hold that the district court did not err in dismissing Peart's claims for failure to give a warning that would not have been read and, consequently, could not have been the "but for" cause of her injuries.

## III.

We hold that the district court did not err by granting summary judgment in favor of Dorel.  Essentially for the reasons given by the district court in its well-considered opinion, the judgment is

AFFIRMED.