864 So.2d 250 (2003)
Judy JEFFERSON
v.
Charles SOILEAU and Liberty Mutual Insurance Company, State Farm Automobile Insurance Company and City of Baton Rouge, Parish of East Baton Rouge.
No. 2003 CA 0541.
Court of Appeal of Louisiana, First Circuit.
December 31, 2003.
Rehearing Denied February 9, 2004.
*251 Paul P. Matzen, Baton Rouge, Counsel for Plaintiff/Appellee Judy Jefferson.
Eric E. Pope, Marvin H. Olinde, Baton Rouge, Counsel for Defendant/Appellee Charles Soileau and Liberty Mutual Insurance Company.
Terry T. Dunlevy, Baton Rouge, Counsel for Defendant/Appellee State Farm Mutual Automobile Insurance Company.
Gwendolyn Brown, Randy Ligh, Baton Rouge, Counsel for Defendant/Appellant City of Baton Rouge, Parish of East Baton Rouge.
Before: FOIL, FITZSIMMONS, and GAIDRY, JJ.
GAIDRY, J.
In this case involving a rear-end collision, defendant appeals a trial court judgment rendered in accordance with a jury verdict finding defendant partially at fault *252 in causing plaintiff's injuries. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
On April 3, 1997, shortly after pulling away from a red light, Charles Soileau drove his vehicle into the back of a vehicle driven by plaintiff, Judy Jefferson. After being sued by Jefferson, Soileau filed a third party demand against the City of Baton Rouge/Parish of East Baton Rouge ("City-Parish"), alleging that the true cause of the accident was the actions of the driver of an East Baton Rouge Parish Mosquito Abatement Truck. The mosquito abatement truck was traveling in front of Jefferson's car and sprayed pesticide that obstructed the view of following drivers, immediately prior to the accident. Jefferson later amended her petition to add the City-Parish as a defendant.
After a trial on the merits, the jury assigned eighty percent of the fault in causing the accident to Soileau and twenty percent of the fault to the City-Parish. The City-Parish appealed, making the following assignments of error:
1. The trial court erred in finding the City-Parish was at fault in causing the accident.
2. The trial court erred in assigning twenty percent of the fault to the City-Parish.
3. The trial court erred in finding that the facts of the case supported the issuance of a jury instruction on the "sudden emergency" doctrine.
4. The trial court erred in issuing only part of the instruction on the "sudden emergency" doctrine, thereby leaving the jury with a misunderstanding of the law applicable to its deliberations.

DISCUSSION

Liability of the City-Parish
The City-Parish argues that the jury erred in assigning it any degree of fault because the facts presented at trial did not support a finding that the conduct of the driver of the City-Parish truck was a cause-in-fact of the accident and because the sole cause of the accident was Soileau's negligence in following too closely.
It bases this argument on evidence presented by the City-Parish at trial that the pesticide emitted from the City-Parish truck dissipates within a few seconds' time and that the pesticide is sprayed at a fixed forty-five degree angle; therefore, the pesticide emitted by the truck could not have obstructed Jefferson's or Soileau's vision.
However, this evidence was contrary to the accounts of the accident given by Jefferson and Soileau. Jefferson testified that soon after she pulled away from the red light, she heard a noise "like a lawn mower motor" and then saw a big white cloud of smoke come from behind the City-Parish truck. She could not see where she was going and was afraid she would rear-end the City-Parish truck because she could not see it through the smoke, so she applied her brakes. She was subsequently rear-ended by Soileau.
Soileau testified that soon after pulling away from the red light, he saw the smoke and was alarmed because he did not know what it was and he had his young son in the car. When he realized that the smoke was in fact pesticide, he began to try to close the windows and sun roof to protect his son. Soileau was driving his daughter's car and was not familiar with the exact location of the window and sun roof controls, so he looked down to try to roll up the windows, and when he looked back up, he had lost sight of the car in front of him because of the smoke. By the time he *253 could see the car in front of him, he was unable to prevent a rear-end collision. Soileau also reported to the police officer investigating the accident that his vision had been obstructed by the cloud of smoke emitted by the City-Parish pesticide truck.
It is clear that the jury believed the testimony of Jefferson and Soileau that their vision was obscured by the smoke from the City-Parish truck and disbelieved the evidence put on by the City-Parish that the pesticide emitted by the truck could not have obscured their vision. When findings are based on determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact; only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in what is said. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). This assignment of error is without merit.
Turning to the City-Parish's argument that the jury erred in allocating twenty percent of the fault to the City-Parish, we find that this assignment of error likewise lacks merit. A determination of the allocation of fault by the trier of fact is a factual finding. Guidroz v. State, Through the Dep't of Transp. and Dev., 94-0253 (La.App. 1 Cir. 12/22/94), 648 So.2d 1361, 1366. Factual findings cannot be overturned in the absence of manifest error. The issue to be resolved by this court is not whether the trial court was right or wrong, but whether the factfinder's conclusion was a reasonable one. Cazes v. Parish of West Baton Rouge, 97-2824 (La.App. 1 Cir. 12/30/98), 744 So.2d 54, 61. Based upon the evidence in the record, it was reasonable for the jury to conclude that negligence of the driver of the City-Parish pesticide truck in emitting pesticide in the middle of traffic, and thus obscuring the view of following motorists, contributed twenty percent to the cause of the accident.

"Sudden Emergency" Doctrine Jury Instruction
The City-Parish complains that the "sudden emergency" instruction given the jury was faulty because the jury was not instructed that the "sudden emergency" doctrine does not apply when the person claiming the exception is not free from fault.
The instruction given to the jury read:
The general rule is that the following motorist is presumed at fault if he collides with the rear of the leading vehicle. An exception to this rule is that when a following motorist is suddenly confronted with an unanticipated hazard created by a leading vehicle which could not be reasonably avoided, the following driver would be adjudged free from fault.
The instruction as given clearly states that the fault of the person claiming the exception is an issue. The phrase "could not be reasonably avoided" tells the jury that it is only when the driver claiming the "sudden emergency" is not negligent that the doctrine applies. This instruction adequately explains the applicable law.
The City-Parish also claims that the "sudden emergency" instruction was inappropriate under the facts of this case because the "sudden emergency" doctrine was subsumed in comparative fault. However, the First Circuit recently stated in Duzon v. Stallworth, 01-1187 (La.App. 1 Cir. 12/11/02), 866 So.2d 837, writs denied, 03-0589, 03-0605 (La.5/2/03), 842 So.2d 1101, 1110, that even though the "sudden emergency" doctrine was developed when contributory negligence was a complete bar to recovery, we continue to apply the doctrine today.
*254 Furthermore, even if the instruction had been inappropriate, the proper inquiry in determining whether a jury verdict should be overturned on the basis of an erroneous jury instruction is whether the jury was misled to such an extent that it was prevented from doing justice. Nicholas v. Allstate Ins. Co., 99-2522, p. 8 (La.8/31/00), 765 So.2d 1017, 1023.
The verdict form provided to the jury in this case did not ask the jury whether they found that there was a "sudden emergency." The jury was simply asked whether each defendant was negligent and whether that negligence was a cause of the accident. The jury answered that Soileau was negligent and assigned eighty percent of the fault to him and that the City-Parish driver was negligent and was twenty percent at fault. The jury obviously did not find that there was a sudden emergency because the instruction on sudden emergency told them that if the doctrine applied, Soileau would be adjudged free from fault.
In Coutee v. State Farm, 664 So.2d 542 (La.App. 3 Cir 11/2/95), the trial judge actually gave an incorrect instruction on the "sudden emergency" doctrinehe told the jury that one who finds himself in a position of peril without sufficient time to weigh and consider all circumstances is not required to exercise such control or degree of care as is required of one who has ample opportunity for full exercise of reason. The court also gave an instruction on comparative negligence. The third circuit found that despite the erroneous instruction on the "sudden emergency" doctrine, the jury charges as a whole adequately instructed the jurors that their verdict should reflect any negligence they attributed to the driver claiming the sudden emergency. Because the jury was adequately informed about comparative negligence and did assign a percentage of fault to the defendant driver who was claiming the sudden emergency, it was obvious that the tainted jury instruction did not prevent the jury from doing justice.
In our case, the jury was charged on comparative negligence and did assess a percentage of fault to Soileau, so even if the instruction had been faulty, the verdict was not affected. This assignment of error is without merit.

DECREE
For the above reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to the City-Parish.
AFFIRMED.