McClendon, j.
|aIn this personal injury suit, the plaintiff appeals a trial court judgment dismissing her suit against the defendants. We affirm.
On August 28, 2003, the plaintiff, Tammy Johnson, was involved in a vehicular accident with the defendant, Ivory Lee Magitt, on North Acadian Thruway in Baton Rouge, Louisiana. Ms. Johnson filed suit against Mr. Magitt and Illinois National Insurance Company, Mr. Magitt’s automobile insurer, asserting that she was rear-ended by Mr. Magitt and injured as a result of the accident. Following a trial on the merits on November 2, 2011, the trial court found that Ms. Johnson was at fault in causing the accident and dismissed all of her claims. Ms. Johnson appealed.
A court of appeal may not set aside a trial court’s finding of fact in the absence of “manifest error” or unless it is “clearly wrong.” Rosell v. ESCO, 549 So.2d 840, 844 (La.1989). The supreme court has announced a two-part test for the reversal of a fact finder’s determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). Stobart v. State through Dept. of Transp. and Development, 617 So.2d 880, 882 (La.1993). See also Mart v. Hill, 505 So.2d 1120, 1127 (La.1987). Thus, the issue to be resolved by a reviewing court is not whether the trier-of-fact was right or wrong, but whether the fact finder’s conclusion was a reasonable one. Stobart, 617 So.2d at 882. When factual findings are based upon determinations regarding the credibility of witnesses, the manifest error standard demands great deference to the trier of fact’s findings. Harris v. Delta Development Partnership, 07-2418, p. 5 (La.App. 1 Cir. 8/21/08), 994 So.2d 69, 73-74; Rosell, 549 So.2d at 844. Further, where two permissible views of the evidence exist, the fact finder’s choice between them cannot be manifestly erroneous or clearly wrong. Rosell, 549 So.2d at 844.
|aThe law has established a re-buttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by LSA-R.S. 32:81 A and is therefore liable for the accident.[1] Daigle v. Mumphrey, 96-1891, pp. 2-3 (La.App. 4 Cir. 3/12/97), 691 So.2d 260, 262. *13 The rule is based on the premise that a following motorist whose vehicle rear-ends a preceding motorist either has failed in his responsibility to maintain a sharp lookout or has followed at a distance from the preceding vehicle which is insufficient to allow him to stop safely under normal circumstances. Id. A following motorist may rebut the presumption of negligence by proving that he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances. Taylor v. Voigtlander, 36,670, p. 4 (La.App. 2 Cir. 12/11/02), 833 So.2d 1204, 1206. The following motorist may also avoid liability by proving that the driver of the lead vehicle negligently created a hazard that he could not reasonably avoid. Daigle, 96-1891 at p. 3, 691 So.2d at 262; State Farm Mut. Automobile Ins. Co. v. Hoerner, 426 So.2d 205, 209 (La.App. 4 Cir.1982), writ denied, 433 So.2d 154 (La.1983).
In this appeal, Ms. Johnson contends that the trial court committed manifest error in finding that she was at fault in causing the accident. Ms. Johnson maintains that it is undisputed that she was rear-ended by Mr. Magitt. Therefore, she argues, she was entitled to the presumption of the fault of Mr. Magitt, who failed to rebut said presumption. Conversely, the defendants contend that the accident was not a simple rear-end accident, but was a lane change accident, and, therefore, the presumption did not apply. The defendants further assert that even assuming that the accident was a rear-end collision, they clearly rebutted the presumption.
14At trial, Ms. Johnson testified that she made a u-turn on N. Acadian Thruway to head northbound and that when she did so, she got into the right lane, “looked to see if anybody was coming,” put on her signal, and moved into the left lane. Ms. Johnson testified that she traveled in the right lane “probably a few minutes” before she changed lanes into the left lane for “a few minutes” to make a left turn. She stated that she did not see Mr. Magitt’s vehicle before the accident. She also testified that it was her intention to make a left turn at the next cross-street.
Mr. Magitt testified that he had been in the left lane of N. Acadian Thruway traveling northbound since he entered N. Acadi-an from Perkins Road and that he was heading to his home. He stated that as he was driving on N. Acadian, he saw Ms. Johnson’s vehicle, headed southbound on N. Acadian, about to make a u-turn. Mr. Magitt testified that when he saw that Ms. Johnson was going to make the u-turn, he started blowing his car horn and he slammed on his brakes. He stated that Ms. Johnson made the u-turn, went into the right lane of N. Acadian, and then suddenly moved into the left lane, “and that’s when the accident happened.”
Louisiana Revised Statutes 32:79(1), relative to driving on roadways laned for traffic, provides, in pertinent part:
A vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety.
In addition, pursuant to L'SA-R.S. 32:104 A, a motorist changing lanes may not turn his or her vehicle from a direct course or move right or left upon a roadway unless and until such movement can be made with reasonable safety. Also, signals must be used to indicate an intention to change lanes, LSA-R.S. 32:104 D. Brewer v. J.B. Hunt Transport, Inc., 09-1408, p. 15 (La.3/16/10), 35 So.3d 230, 241. Thus, under the law, a motorist attempting to make a lane change on a multiple-lane highway is required to determine “that the maneuver can be made safely without endangering normal overtaking or oncoming traffic” before attempting the lane change. Aver- *14 na v. Industrial Fabrication & Marine Service, Inc., 562 So.2d 1157, 1161 (La.App. 4 Cir.1990). A greater burden of care is required for the motorist changing lanes than is demanded of a driver proceeding at a lawful rate on a straight line in a marked lane. Brewer, 09-1408 at p. 15, 35 So.3d at 241.
After listening to the testimony and reviewing the evidence, which included photographs of the accident area and property damage, the trial court made the specific finding that Ms. Johnson was at fault in causing the accident, and that the accident was not a straight on rear-end collision. The court found that Ms. Johnson made a u-turn, got in the right lane, and quickly shifted to the left lane, without seeing if it was safe to do so. The court stated that Ms. Johnson had a heightened duty to ascertain that the motion she sought to execute could be done safely.
After a thorough review of the record in this matter, we find that the factual findings of the trial court have evidentiary support and are not manifestly erroneous or clearly wrong. The trial court clearly determined that the accident at issue was not a simple rear-end collision, but involved a u-turn and lane change by Ms. Johnson. The record contains a reasonable factual basis for the trial court’s findings.[2]
Accordingly, the December 2, 2011 judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff, Tammy Johnson.
AFFIRMED.
HIGGINBOTHAM, J., concurs in result.

. Louisiana Revised Statutes 32:81 A provides:
The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

. Because we find no error in the trial court's finding that Ms. Johnson was at fault in causing the accident at issue herein, we need not address her other assignments of error. Even so, we find no error in the trial court’s eviden-tiary rulings.