McClendon, ,j.
12Plaintiffs, Michael Gaspard, Jr., and Jennifer Gaspard, individually and on behalf of their minor child Adam Gaspard, appeal a summary judgment dismissing their action against Winn-Dixie Louisiana, Inc., Winn-Dixie .Montgomery Leasing, L.L.C., Alterra Excess and Surplus Insurance Company, and Gordon Konrad. For the following reasons, we affirm.
FACTS AND PROCEDURAL HISTORY
On January 19, 2011, the plaintiffs, Michael Gaspard, Jr. and Jennifer Gaspard, and their minor child, Adam (an infant in a baby seat), were exiting a Winn-Dixie store located at 132 Main Street in Coving-ton, Louisiana. As they were walking through the marked pedestrian zone directly in front of the store, they were struck by a vehicle being driven by Anna Lewis.
On May 11, 2011, plaintiffs filed, suit against Anna Lewis; Safeway Insurance Company, thé purported liability company insuring the vehicle Lewis was driving; and Geico General Insurance Company, plaintiffs’ uninsured/underinsured motorist carrier.[1].
On October 20, 2011, plaintiffs filed an amended petition naming Winn-Dixie Louisiana, Inc., Winn-Dixie Montgomery Leasing, LLC, and Gordon Konrad, the owner of the parking lot, as additional defendants. Plaintiffs alleged that those defendants were negligent in the maintenance and design of the parking lot and that they knew or should have known of the danger to customers/pedestrians in the parking lot and failed to take measures to provide for the safety of the pedestrians.[2]
On May 9, 2014, Winn-Dixie Louisiana, Inc.,' Winn-Dixie Montgomery Leasing, LLC, and Gordon Konrad (hereinafter collectively referred to as ‘Winn-Dixie”) filed a motion for summary judgment, asserting that the plaintiffs could not establish causation between a defect in Winn-Dixie’s premises and the ^accident. Following a hearing, the trial court granted Winn-Dix-ie’s motion for summary judgment, and dismissed them from the litigation.
Plaintiffs have appealed, asserting that the trial court erred in granting Winn-Dixie’s motion for summary judgment.
DISCUSSION
The summary judgment procedure is designed to secure the just, speedy, and inexpensive determination of every action, except those disallowed by LSA-C.C.P. art. 969; the procedure is favored and shall be construed to accomplish these ends. LSA-C.C.P. art. 966(A)(2). Summary judgment shall be rendered in favor of the mover if the pleadings, depositions, answers to interrogatories, and admissions, together with the affidavits, if any, admitted for purposes of the motion, show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(B)(2).
*694 The burden of proof to show that no material factual issue exists is on the mover. However, if the party moving for summary judgment will not bear the burden of proof at trial, the mover is not required to negate all essential elements of the adverse party’s claim. Rather, the mover must point out to the trial court that there is an absence of factual support for one or more elements essential to the adverse party’s claim. Thereafter, if the adverse party fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact and the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(C)(2).
An appellate court reviews a trial court’s decision to grant a motion for summary judgment de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. In re Succession of Beard, 13-1717 (La.App. 1 Cir. 6/6/14), 147 So.3d 753, 759-60. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material for purposes of summary judgment can be seen only in light of the substantive law applicable to the case. Gaspard v. Graves, 05 1042 (La.App. 1 Cir. 3/29/06), 934 So.2d 158, 160, writs denied, 06-0882, 06-0958 (La.6/16/06), 929 So.2d 1286, 1289.
In a negligence action under LSA-C.C. art. 2315, the plaintiff bears the burden of proving fault, causation, and damages. Wainwright v. Fontenot, 00-492 (La.10/17/00), 774 So.2d 70, 74. The plaintiff bears the burden of proving every element of his case, including the cause-in-fact of damage, by a preponderance of the evidence, that is, whether it is more likely than not that the harm was caused by the tortious conduct of one or more defendants. Lasha v. Olin Corp., 625 So.2d 1002, 1005 (La.1993).
While the question of causation is usually an issue for the factfinder’s determination, it is possible to determine this issue on summary judgment if reasonable minds could not differ. See Henderson v. Homer Mem’l Hosp., 40,585 (La.App, 2 Cir. 1/27/06), 920 So.2d 988, 995, writ denied, 06-491 (La.5/5/06), 927 So.2d 316; Rogers v. Hilltop Retirement & Rehabilitation Center, 13-867 (La.App. 3 Cir. 2/12/14), 153 So.3d 1053, 1060; Guillie v. Comprehensive Addiction Programs, Inc., 98-2605 (La.App. 4 Cir. 4/21/99) 735 So.2d 775, 778; Cunningham v. Northland Ins. Co., 00-888 (La.App. 5 Cir. 9/14/00) 769 So.2d 689, 694, writ denied, 00-2844 (La.12/8/00), 776 So.2d 470.
In its motion for summary judgment, Winn-Dixie contended that plaintiffs could not meet their burden of proof to show that the design of the parking lot was causally related to the accident. Rather, Winn-Dixie asserted that the evidence admitted for purposes of the summary judgment clearly established that the accident was caused solely by the inattentiveness of the defendant driver, who failed to see the plaintiff pedestrians directly in front of her vehicle.
In their sole assignment of error, plaintiffs maintain that the trial court erred in granting summary judgment in favor of Winn-Dixie because questions of fact remain regarding whether improper striping and the lack of a stop sign in the area of impact contributed to the plaintiffs’ accident and injuries. Specifically, plaintiffs reference the deposition and report of their architectural [ fiexpert, Ladd Ehlinger, both of which were admitted at the summary judgment hearing. In his deposition and report, Mr. Ehlinger referenced the U.S. Department of Transportation (DOT) “Federal Highway Administration Manual *695 on Uniform Traffic Control Devices.” Although Mr. Ehlinger recognized that the regulations in the DOT manual would not apply on private property such as the Winn-Dixie parking lot, he opined that most parking lots conform to the DOT manual, and the manual should apply in terms of being a general safety standard. Mr. Ehlinger opined that the Winn-Dixie parking lot failed to comply with the following regulations in the DOT manual: 1) a stop sign should have been placed at the end of the lane the defendant driver traversed prior to her left turn into the pedestrian crossing zone; 2) the zebra striping in the pedestrian zone in front of the store should have been wider and white in color, as opposed to yellow; and 3) the traffic markings in the pedestrian zone should have extended to the lane in which the defendant driver was stopped prior to executing the turn into the pedestrian zone. In light of Mr. Ehlinger’s testimony and report, plaintiffs conclude that the trial court erred in granting summary judgment in Winn-Dixie’s favor.
Even if the DOT manual provides general safety standards that may have applied to Winn-Dixie, Mr. Ehlinger’s testimony indicates that there was no causal connection between the alleged violations and the accident. Specifically, Mr. Ehlinger acknowledged that despite there not being a stop sign, the defendant driver did stop before proceeding to turn into the pedestrian zone. Mr. Ehlinger also acknowledged that the striping, although it did not meet DOT requirements, was visible and that it should alert a driver that the area was a pedestrian zone. Moreover, the parties submitted a video of the incident, which was relied upon by the trial court in making its ruling.[3]
In its written reasons for judgment, the trial court indicated:
The parking lot in question was equipped with surveillance cameras. The videotape of this entire incident was clear and compelling. It showed that Anna Lewis [was] stopped and waited Infer two cars to pass through the marked pedestrian area. After the second car passed, she simply drove right into plaintiffs and their grocery cart. After viewing the videotape, this court found that the design, signage, and/or lack of signage of the parking lot played no part in the injuries to plaintiffs. The entire incident was caused exclusively and solely by the negligence of Anna Lewis.
Following our de novo review, we conclude that the trial court did not err in granting summary judgment in favor of Winn-Dixie. Winn-Dixie pointed out that there was no factual support to establish that the design or maintenance of the parking lot had anything to do with the accident. Thereafter, the burden shifted to plaintiffs, and they have failed to establish that they will be able to meet their burden of proof at trial to show that the lack of a stop sign or inadequacy of any striping caused or contributed to the accident. See Prince v. K-Mart Corp., 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, 248-49 (“whether or not the expert’s affidavit and report are considered, the proximate cause of the accident was the failure of one or both of the drivers to see what they should have seen, not a defect in the design of the parking lots.”) Plaintiffs’ assignment of error is without merit.
CONCLUSION
For the foregoing reasons, the trial court’s August 7, 2014 judgment granting summary judgment in favor of defendants is affirmed. Costs of this appeal are as *696 sessed to plaintiffs/appellants, Michael Gaspard, Jr. and Jennifer Gaspard, individually and on behalf of their minor child Adam Gaspard.
AFFIRMED.

. On July 27, 2011, the trial court, on plaintiffs’ motion, signed an order dismissing plaintiffs’ claims against Safeway Insurance Company without prejudice.

. Alterra Excess and Surplus Insurance Com- ' pany, Konrad's liability insurer, was later named as a defendant, through a third-party . demand filed by Winn-Dixie Louisiana, Inc. and Winn-Dixie Montgomery Leasing, LLC.

. We note that no party has raised an issue regarding the admissibility of the video.