2016-0140, 2016-0141, 2016-0142 (La. App. 1 Cir. 10/28/16)

**Shaquana JAMES Individually and Latisha Smith on Behalf of Derek Grant and Ethan Smith And Jeanette Smith-Walls on Behalf of Rodney Smith, Gabrielle Dantzler and Gleanonce Smith**

**v.**

**BERKLEY INSURANCE COMPANY, Tangipahoa Parish School Board, Superintendent Mark Kolwe and Jasmine M. Weatherspoon**

**Julia Lucas as Administrator and Natural Tutor Of William Lucas**

**v.**

**Tangipahoa School System, Ace American Insurance Company, Berkley Insurance Company and Jasmine Weatherspoon**

**David Richoux**

**v.**

**Berkley Insurance Company, Tangipahoa Parish School Board, and Jasmine Weatherspoon**

**No. 2016 CA 0140**
**No. 2016 CA 0141**
**No. 2016 CA 0142**

Court of Appeal of Louisiana, First Circuit.

October 28, 2016

Christopher M. Moody, Albert D. Giraud, Hammond, Louisiana, Attorneys for Defendants/ Third-Party Plaintiffs/Appellants, Jasmine M. Weatherspoon, Tangipahoa Parish School Board, and Berkley Insurance Company.

Brian K. Abels, Maryanna B. Haynes, Denham Springs, Louisiana, Attorneys for Plaintiffs/ Third-Party Defendants/Appellees, Shaquana James and Financial Indemnity Company.

Jon M. Yeager Hammond, Louisiana, Attorney for Plaintiff/Third-Party Defendant/Appellee Shaquana James.

Gary Boutwell, Ashley Anderson Traylor, Hammond, Louisiana, Attorneys for Plaintiff/Appellee David Richoux.

BEFORE: PETTIGREW, McDONALD, AND DRAKE, JJ.

McDONALD, J.

⌊₃This is an appeal from a district court summary judgment finding a school bus driver 100 percent at fault for a three-vehicle traffic accident. After a *de novo* review, we reverse the summary judgment and remand the matter to the district court for further proceedings.

## FACTS AND PROCEDURAL HISTORY

The accident at issue occurred on January 15, 2013, in the westbound lane of West Pine Street in Ponchatoula, Louisiana. Jasmine Weatherspoon was driving a 1998 International school bus belonging to the Tangipahoa Parish School Board (TPSB). A driver's aide, Barbara Mason, was riding in the school bus with Ms. Weatherspoon. David Richoux was driving a 1998 1500 Dodge truck in front of the school bus. Shaquana James, driving a 1995 Honda Civic, entered the westbound lane in front of Mr. Richoux's truck, then stopped to make a left turn. Mr. Richoux stopped his truck completely behind Ms. James's vehicle; however, the school bus struck the rear of Mr. Richoux's truck, and Mr. Richoux's truck then struck Ms. James's vehicle.

Ms. James filed suit against Ms. Weatherspoon, the TPSB, and its insurer, Berkley Insurance Company. Mr. Richoux filed suit against Ms. Weatherspoon, the TPSB, and Berkley Insurance Company. Julia Lucas, on behalf of her minor son William Lucas, a passenger on the bus, filed suit

against Ms. Weatherspoon, the TPSB, and Berkley Insurance Company.[2] These three suits were consolidated.

Ms. Weatherspoon, the TPSB, and Berkley Insurance Company answered the suits, asserted defenses of the sudden emergency doctrine, contributory and comparative negligence, and asked that the claims be dismissed with prejudice. Ms. Weatherspoon, the TPSB, and Berkley Insurance Company filed a third-party claim against Ms. James and her insurer, Financial Indemnity Company, alleging that Ms. James suddenly and without warning swerved her vehicle in front of Mr. Richoux's truck and then slammed on her brakes, thereby causing the accident.

Ms. James and Financial Indemnity Company denied those allegations in their answers and later filed a motion for summary judgment asking that the third party claims against them be dismissed. The other plaintiffs joined in the motion for summary judgment.[3] After a hearing, the district court granted the motion for summary judgment, finding Ms. Weatherspoon 100 percent at fault for the accident. Ms. Weatherspoon, the TPSB, and Berkley Insurance Company appealed that judgment.[4]

## LAW AND DISCUSSION

The burden of proof on a motion for summary judgment rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. La. C.C.P. art. 966D(1). A summary judgment is reviewed on appeal *de novo*, with the appellate court using the same criteria that govern the trial court's determination of whether summary judgment is appropriate; i.e. whether there is any genuine issue of material fact, and whether the movant is entitled to judgment as a matter of law. **Samaha v. Rau**, 2007–1726 (La. 2/26/08), 977 So.2d 880, 882–83.

On appeal, Ms. James and Financial Indemnity Company rely upon La. R.S. 32:81, which provides in part:

A. The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway.

Ms. James and Financial Indemnity Company assert that Louisiana courts have determined that a following motorist who strikes a preceding motorist from the rear is presumed to have breached the standard of conduct prescribed in La. R.S. 32:81; thus, Ms. Weatherspoon is presumed negligent. They further maintain

2. Ms. Lucas also named as defendant Ace American Insurance Company, which was later dismissed from the suit as it did not insure the TPSB on the date of the accident.

3. With the exception that plaintiff Julia Lucas, as administrator and natural tutor of William Lucas, did not join in the motion for summary judgment.

4. Ms. Weatherspoon, the TPSB, and Berkley Insurance Company also filed an application for supervisory writs with this court. As that writ sought the review of a final, appealable judgment that was set for review in the instant appeal, the writ was denied. **James v. Berkley Ins. Co.**, 2015–2001 (La. App. 1 Cir. 4/4/16) (unpublished writ action).

that it is Ms. Weatherspoon's burden to exonerate herself from liability, and that whether Ms. James moved her vehicle over in front of Mr. Richoux's truck and slammed on her brakes is not a material issue of fact. Rather, they assert that because the school bus struck Mr. Richoux's truck from the rear, Ms. Weatherspoon is presumed negligent, and Ms. James's movements prior to the accident are immaterial. Ms. James and Financial Indemnity Company maintain that Ms. Weatherspoon was following Mr. Richoux's truck too closely on a wet roadway, and thus could not stop in time to avoid hitting the truck. They assert that this conclusion is bolstered by the fact that Mr. Richoux was able to stop his truck in time to avoid hitting Ms. James's vehicle.

Ms. Weatherspoon, the TPSB, and Berkley Insurance Company maintain that the accident was caused at least in part by Ms. James suddenly and without warning changing lanes in front of Mr. Richoux's truck and causing him to suddenly and without warning slam on his brakes in front of Ms. Weatherspoon. Ms. Weatherspoon, TPSB, and Berkley Insurance Company suggest that Ms. Weatherspoon was appropriately braking, as was Mr. Richoux, and that both would have been able to stop had it not been for the intervening action of Ms. James. Ms. Weatherspoon, the TPSB, and Berkeley Insurance Company maintain that, at the very least, there was a genuine issue of material fact regarding whether Ms. James's actions constituted comparative fault; thus, summary judgment assigning sole liability for the accident to Ms. Weatherspoon was improper.

Ms. Weatherspoon testified in her deposition that Ms. James suddenly and without warning pulled in front of Mr. Richoux's truck, causing Mr. Richoux to suddenly slam on his brakes. Ms. Mason testified likewise in her affidavit.

As this court stated in **Johnson v. Magitt**, 2012–0200 (La.App. 1 Cir. 9/21/12), 111 So.3d 11, 12–13:

The law has established a rebuttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by LSA–R.S. 32:81A and is therefore liable for the accident. The rule is based on the premise that a following motorist whose vehicle rear-ends a preceding motorist either has failed in his responsibility to maintain a sharp lookout or has followed at a distance from the preceding vehicle which is insufficient to allow him to stop safely under normal circumstances. A following motorist may rebut the presumption of negligence by proving that he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances. The following motorist may also avoid liability by proving that the driver of the lead vehicle negligently created a hazard that he could not reasonably avoid. [Citations and footnote omitted.]

Although the sudden emergency doctrine was developed when contributory negligence was a complete bar to recovery, our courts continue to apply the doctrine. **Duzon v. Stallworth**, 2001–1187 (La.App. 1 Cir. 12/11/02), 866 So.2d 837, 858, writs denied, 2003–0589, 2003–0605 (La. 5/2/03), 842 So.2d 110–1102, 1110. While the sudden emergency doctrine has not been subsumed by comparative fault, see **Jefferson v. Soileau**, 2003–0541 (La.App. 1 Cir. 12/31/03), 864 So.2d 250, 253, writ denied 2004–0594 (La. 4/23/04), 870 So.2d 306, some courts have treated the defense of sudden emergency as one of the factual considerations used in assessing the degree of fault to be attributed to a party.

Harbin v. Ward, 2013–1620 (La.App. 1 Cir. 5/29/14), 147 So.3d 213, 218.

■ Issues that involve the determination of reasonableness of acts and conduct of parties under all facts and circumstances of the case cannot ordinarily be disposed of by summary judgment. **Greater Lafourche Port Comm'n v. James Const. Group, L.L.C.**, 2011–1548 (La. App 1 Cir. 9/21/12), 104 So.3d 84, 88; **Granda v. State Farm Mut. Ins. Co.**, 2004–1722 (La. App. 1 Cir. 2/10/06), 935 So.2d 703, 707, writ denied, 2006–0589 (La. 5/5/06), 927 So.2d 326.

■ After a *de novo* review of this case, we find that there are issues involving the determination of the reasonableness of acts and conduct of Ms. James and Ms. Weatherspoon under the facts and circumstances of this case that cannot be disposed of by summary judgment. Thus, we find that the district court erred in granting summary judgment finding Ms. Weatherspoon 100 percent at fault for the accident.

### CONCLUSION

For the foregoing reasons, the summary judgment is reversed, and the case is remanded to the district court for further proceedings. Costs of this appeal are assessed against Shaquana James and Financial Indemnity Company.

**REVERSED AND REMANDED.**