*P Mc by JEW*
*m RT by JEW*

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2021 CA 0229

DEBRA ELEE

VERSUS

LISA WHITE, DOLLAR GENERAL CORPORATION AT FAULT DRIVER OF
WERNER ENTERPRISES, INC. OF NEBRASKA, AND WERNER ENTERPRISES,
INC. OF NEBRASKA

Judgment Rendered:     OCT 2 1 2021

* * * * * *

On Appeal from the Twenty-Second Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Docket No. 2019-11531

Honorable Ellen M. Creel, Judge Presiding

* * * * * *

Douglas D. McGinity                     Counsel for Plaintiff/Appellant
Christian Emmanuel Banck                Debra Elee
Covington, Louisiana


Ralph J. Aucoin, Jr.                    Counsel for Defendants/Appellees
Guy D. Perrier                          Werner Enterprises, Inc. and
Kristopher M. Gould                     Travis Gardner
New Orleans, Louisiana


Trevor C. Davies                        Counsel for Defendants/Appellees
Dan R. McClelland                       Dollar General, LLC and Lisa White
Shannon O. Harrison
New Orleans, Louisiana

* * * * * *

*JEW*
BEFORE: McCLENDON, WELCH, AND THERIOT, JJ.
*Welch J. dissents and assigns reasons.*

**McCLENDON, J.**

In this personal injury suit, the plaintiff appeals the trial court's grant of summary judgment dismissing certain defendants. For the reasons that follow, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On May 14, 2018, at approximately 8:15 p.m., Debra Elee, a Mississippi resident, was driving her personal vehicle northbound on Highway 25 in Folsom, Louisiana. She came to a stop on the highway because an 18-wheeler tractor-trailer truck owned by Werner Enterprises, Inc. (Werner) was blocking the undivided two-lane highway as it was backing into the parking lot of a Dollar General store. As Ms. Elee waited for the truck to move from the highway, she was rear-ended by a vehicle operated by Tabitha Ledet.[1] Ms. Elee's vehicle was pushed forward, but did not impact the Werner truck.

On March 20, 2019, Ms. Elee filed a Petition for Damages against DG Louisiana, LLC (Dollar General); Lisa White, the Dollar General store manager; Werner; and Travis Gardner, Werner's employee and the driver of the 18-wheeler truck.[2] Ms. Elee alleged that because of the defendants' negligence, she suffered severe bodily injury, which required extensive medical care and treatment.

Werner and Mr. Gardner each answered the petition, and subsequently, they filed a motion for summary judgment. Werner and Mr. Gardner asserted that considering the undisputed facts of the case, there was a presumption of fault against Ms. Ledet as the rear-ending driver and no basis for a finding of fault against them. Accordingly, they requested summary judgment in their favor and dismissal of the lawsuit against them.[3]

Thereafter, Dollar General and Ms. White filed their own motion for summary judgment, adopting the motion for summary judgment filed by Werner and Mr.

---

[1] Ms. Elee made a claim with Ms. Ledet's automobile insurer, State Farm Mutual Automobile Insurance Company (State Farm). State Farm settled with Ms. Elee and paid her $5,522.55 for the total loss value of her automobile and the policy limits of $15,000.00 for bodily injury. Ms. Elee also made a claim with her own automobile insurer, Mississippi Farm Bureau Casualty Insurance Company, who settled with Ms. Elee and paid her the policy limits of $5,000.00 for medical payments coverage and $135,000.00 for bodily injury coverage through her uninsured/underinsured motorist coverage.

[2] Dollar General asserts that it was incorrectly named as Dollar General Corporation, and Werner states that it was incorrectly referred to as Werner Enterprises, Inc. of Nebraska.

[3] Ms. Elee filed a memorandum in opposition, with exhibits, to the summary judgment motion filed by Werner and Mr. Gardner.

2

Gardner, including the memorandum, statement of uncontested facts, and all exhibits, and incorporating all argument and exhibits therein as if copied *in extenso*. Additionally, they argued that Dollar General's only connection to the accident at issue was that the accident occurred on Highway 25 near the Dollar General store and that Dollar General never exercised control over the driver of the Werner truck. Therefore, according to Dollar General and Ms. White, Dollar General was not involved in any way in the collision that occurred between Ms. Elee's vehicle and Ms. Ledet's vehicle. Consequently, Dollar General and Ms. White maintained that no genuine issues of material fact existed concerning their liability and summary judgment should be granted in their favor, dismissing all of Ms. Elee's claims against them. Ms. Elee opposed the motion for summary judgment filed by Dollar General and Ms. White, submitting numerous exhibits in support of her argument.

On September 23, 2020, the trial court heard both motions for summary judgment. The trial court denied the summary judgment motion filed by Werner and Mr. Gardner.[4] However, the trial court granted summary judgment in favor of Dollar General and Ms. White. On September 30, 2020, the trial court signed its judgment, granting the summary judgment and dismissing Ms. Elee's claims against Dollar General and Ms. White with prejudice.[5] Thereafter, on October 22, 2020, the trial court issued written reasons for judgment, finding that the negligence, or lack thereof, of Werner and of Mr. Gardner did not have any bearing on the alleged liability of Dollar General and Ms. White.

Ms. Elee appealed the trial court's September 30, 2020 judgment. In her appeal, Ms. Elee asserts that the trial court erred 1) in finding that Dollar General and Ms. White carried their burden of proof on summary judgment concerning the issue of causation, and 2) in weighing the evidence and credibility of Ms. Elee's expert to determine that no genuine issue of material fact existed as to Dollar General's and Ms. White's liability.

---

[4] The trial court determined that genuine issues of material fact remained as to whether the negligence of Werner or Mr. Gardner was a cause in fact or proximate cause of the accident at issue.

[5] Ms. Elee filed a motion for new trial, which the trial court denied on October 7, 2020.

## DISCUSSION

Summary judgment procedure is favored and "is designed to secure the just, speedy, and inexpensive determination of every action .... and shall be construed to accomplish these ends." LSA-C.C.P. art. 966A(2). In reviewing the trial court's decision on a motion for summary judgment, this court applies a *de novo* standard of review using the same criteria applied by the trial courts to determine whether summary judgment is appropriate. **Georgia-Pacific Consumer Operations, LLC v. City of Baton Rouge,** 17-1553 (La.App. 1 Cir. 7/18/18), 255 So.3d 16, 22, writ denied, 18-1397 (La. 12/3/18), 257 So.3d 194.

After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show that there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966A(3). The mover bears the burden of proving that he is entitled to summary judgment. However, if the mover will not bear the burden of proof at trial on the subject matter of the motion, he need only demonstrate the absence of factual support for one or more essential elements of his opponent's claim, action, or defense. LSA-C.C.P. art. 966D(1). If the moving party points out that there is an absence of factual support for one or more elements essential to the adverse party's claim, action, or defense, then the nonmoving party must produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966D(1); **Holmes v. Lea,** 17-1268 (La.App. 1 Cir. 5/18/18), 250 So.3d 1004, 1009.

In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. A "genuine" issue is a triable issue, which means that an issue is genuine if reasonable persons could disagree; if on the state of the evidence, reasonable persons could reach only one conclusion, there is no need for a trial on that issue. A fact is "material" when its existence or nonexistence may be essential to plaintiff's cause of action under the

4

applicable theory of recovery. **Kasem v. State Farm Fire and Casualty Company,** 16-0217 (La.App. 1 Cir. 2/10/17), 212 So.3d 6, 13.

Simply showing the presence of disputed facts is insufficient if there is no legal issue presented by those contested facts. **Bass v. DISA Global Solutions, Inc.,** 20-0071 (La.App. 1 Cir. 12/30/20), 318 So.3d 909, 916, writ denied, 21-00147 (La. 3/23/21), 313 So.3d 273. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. **Georgia-Pacific Consumer Operations, LLC,** 255 So.3d at 22.

In a personal injury suit, the plaintiff must prove, by a preponderance of the evidence, both the existence of the injuries and a causal connection between the injuries and the accident. **Faul v. Robinson,** 19-1450 (La.App. 1 Cir. 12/16/20), 316 So.3d 1077, 1080, writ denied, 21-00081 (La. 3/9/21), 312 So.3d 584. A tortfeasor is liable only for damages caused by his negligent act, not damages caused by separate, independent, or intervening causes. **Bouchon v. Walkenford,** 16-1232 (La.App. 1 Cir. 4/20/17), 218 So.3d 1100, 1103. While the question of causation is usually an issue for the factfinder's determination, it is possible to determine this issue on summary judgment if reasonable minds could not differ. **Gaspard v. Safeway Ins. Co.,** 14-1676 (La.App. 1 Cir. 6/5/15), 174 So.3d 692, 694, writ denied, 15-1588 (La. 10/23/15), 184 So.3d 18.

In their motion for summary judgment, Dollar General and Ms. White (sometimes "the defendants") maintained that Ms. Elee could not meet her burden of proof to show a causal connection between any alleged negligence on their part and the accident at issue. The defendants asserted that the evidence they submitted for purposes of the summary judgment clearly established that the accident was caused solely by the inattentiveness of Ms. Ledet. According to Dollar General and Ms. White, Ms. Ledet is presumed to be at fault for causing the subject accident and that the undisputed facts show that the presumption of fault against the rear-ending motorist applies herein.

Further, the defendants pointed to Ms. Ledet's own deposition testimony to establish that she could not rebut the presumption.

In her deposition, Ms. Elee testified that she was able to stop her vehicle, a 2005 Honda Accord, "probably four car lengths" from the 18-wheeler truck. She stated that she applied her brakes properly and that there were no skid marks from her vehicle. Ms. Elee also testified that she was stopped for approximately thirty to fifty seconds when Ms. Ledet's full-sized SUV, a Nissan Armada, hit her "going 45" miles per hour and pushed her vehicle about twenty-five feet forward; however, Ms. Elee did not hit any other vehicle. Moreover, Ms. Elee testified that after the accident, the driver who hit her apologized and told Ms. Elee that she did not see her.

In response, Ms. Elee asserted that "but for" the actions of Werner and Mr. Gardner in obstructing the highway, the subject accident would not have occurred. She also argued that because the parking lot at the Dollar General store is unsafe and poorly designed, Mr. Gardner believed that he could only back into the lot, thereby blocking the road. Ms. Elee suggested that Dollar General's failure to properly train its employees to mitigate the defect forced Mr. Gardner to block the highway.

Ms. Elee offered substantial evidence in opposition to the motion for summary judgment to show the defective nature of the parking lot, including the deposition of Mr. Gardner, the deposition of Werner's representative, and the affidavit of Ms. Elee's expert, Philip Beard.[6] Mr. Gardner testified that he backed into the Dollar General parking lot the evening of the accident because the parking lot was too full for him to safely turn and enter the lot cab first. The Werner representative also described the parking lot as "tight."

Mr. Beard, a civil engineer, opined that the 18-wheeler truck was too long to safely negotiate the parking lot without damage to the parking lot curbing, potential damage to the truck, and potential damage to customers and their vehicles. It was also his opinion that Dollar General and its employees knew or should have known of the

---

[6] Ms. Elee also submitted her own affidavit and deposition, the deposition of Ms. White, the affidavit of a traffic accident reconstructionist, discovery responses, pleadings, and an eyewitness statement.

dangerous condition presented to motorists by blocking Highway 25 and that the condition was foreseeable. Mr. Beard also stated that Dollar General did not have safety policies and deliveries procedures in place. Mr. Beard concluded that the parking lot was unsafe.

In their reply memorandum, Dollar General and Ms. White averred that the negligence of the rear-ending driver was an intervening and superseding cause of the accident. They again asserted that even if they were negligent, which they denied, the proximate cause of the accident was the negligence of Ms. Ledet. Further, the defendants emphasized that even if Mr. Gardner was negligent in backing up, which they also denied, there would have been no accident absent the negligence of Ms. Ledet. Therefore, according to the defendants, the undisputed facts established that the presumption of negligence on the part of Ms. Ledet cannot be overcome and liability rests with the inattentive driver.

The law has established a rebuttable presumption that a following motorist who strikes a preceding motorist from the rear has breached the standard of conduct prescribed by LSA-R.S. 32:81A and is therefore liable for the accident.[7] **Johnson v. Magitt**, 12-0200 (La.App. 1 Cir. 9/21/12), 111 So.3d 11, 12. The rule is based on the premise that a following motorist whose vehicle rear-ends a preceding motorist either has failed in his responsibility to maintain a sharp lookout or has followed at a distance from the preceding vehicle which is insufficient to allow him to stop safely under normal circumstances. A following motorist may rebut the presumption of negligence by proving that he had his vehicle under control, closely observed the preceding vehicle, and followed at a safe distance under the circumstances. The following motorist may also avoid liability by proving that the driver of the lead vehicle negligently created a hazard that he could not reasonably avoid. **Johnson**, 111 So.3d at 13.

Similar to the case before us is **Prince v. K-Mart Corp.**, 01-1151 (La.App. 5 Cir. 3/26/02), 815 So.2d 245, wherein the fifth circuit affirmed the trial court's grant of

---

[7] Louisiana Revised Statutes 32:81A provides that "[t]he driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard for the speed of such vehicle and the traffic upon and the condition of the highway."

summary judgment in favor of the defendants. The accident occurred when the plaintiff exited a K-Mart store and drove in the exit lane of the parking lot towards the highway. While in the exit lane, the plaintiff collided with the defendant driver as she attempted to cross the exit lane from the adjacent parking lot. The plaintiffs filed suit, asserting that the K-Mart defendants were negligent as the premises owners or lessees in control of the parking lots because there were no stop or warning signs where the accident occurred. The defendants filed motions for summary judgment, asserting that both drivers failed to see each other before the accident. Therefore, according to the defendants, the lack of signs was irrelevant to the accident because the cause of the accident was the negligence of either or both of the drivers to see what they should have seen. In response, the plaintiffs referred to a report by their expert who concluded that the parking lots were unsafe, not only because they lacked signs, but because they lacked islands, a channelization of traffic flow, and some type of control relative to the main exit lane from the main shopping center to the highway. In affirming the grant of summary judgment, the appellate court stated, "whether or not the expert's affidavit and report are considered, the proximate cause of the accident was the failure of one or both of the drivers to see what they should have seen, not a defect in the design of the parking lots." **Prince**, 815 So.2d at 248-49.

The **Prince** case was cited approvingly in **Gaspard**, a decision of this court. In **Gaspard**, the plaintiffs were exiting a Winn-Dixie store and walking through a marked pedestrian zone directly in front of the store when they were struck by a vehicle. **Gaspard**, 174 So.3d at 693. The plaintiffs filed suit, asserting that the Winn-Dixie defendants were negligent in the maintenance and design of the parking lot. Thereafter, the Winn-Dixie defendants filed a motion for summary judgment, asserting that the plaintiffs could not establish causation between a defect in Winn-Dixie's premises and the accident. The trial court granted summary judgment, finding that the incident was caused exclusively and solely by the negligence of the driver. This court affirmed, concluding that the plaintiffs failed in their burden of proof to show that the

lack of a stop sign or inadequacy of any striping caused or contributed to the accident. **Gaspard**, 174 So.3d at 694-95.

In this matter, at the conclusion of the hearing on the defendants' motion for summary judgment, the trial court stated:

> I believe this motion for summary judgment is well-founded. The negligence, or lack thereof, of the tractor trailer driver Mr. Gardner and of Werner really does not control Dollar General's fate in connection with this. I did read the report of Mr. Beard. It simply does not, in my mind, raise any genuine issues of material fact.

We agree. Following our careful and thorough *de novo* review, we find that the evidence submitted by Dollar General and Ms. White sufficiently pointed out the absence of factual support for an essential element of Ms. Elee's claim. Because the defendants adequately pointed out the absence of a causal connection between the defendants and the accident, the burden then shifted to Ms. Elee to produce factual support to establish the existence of a genuine issue of material fact or that the defendants were not entitled to judgment as a matter of law.

We find that Ms. Elee failed to establish that the design of the parking lot or Dollar General's procedures applicable to delivery drivers was the legal or proximate cause of this accident. Even if the parking lot was unsafe and poorly designed, as Ms. Elee contends, her own testimony established the lack of a causal connection between the condition of the parking lot and the accident. Specifically, Ms. Elee was able to stop her vehicle when the 18-wheeler truck blocked the highway and remained stopped for at least thirty seconds before she was rear-ended by Ms. Ledet. Further, no evidence was submitted to establish that Dollar General or Ms. White controlled the manner in which the Werner truck driver entered the parking lot to make his deliveries. Simply stated, the accident was too far removed from any actions or inactions on the part of Dollar General and Ms. White to hold them liable for any harm suffered by Ms. Elee.[8] Accordingly, we conclude that the trial court did not err in granting summary judgment in favor of the defendants.

---

[8] Having found that the defendants' actions were not the cause of the accident, we need not address Ms. Elee's second assignment of error that the trial court improperly weighed the evidence and the credibility of Ms. Elee's expert on the motion for summary judgment.

## CONCLUSION

For the foregoing reasons, we affirm the September 30, 2020 judgment of the trial court that granted summary judgment in favor of the defendants, Dollar General, LLC and Lisa White, and dismissed all of Debra Elee's claims with prejudice. All costs of this appeal are assessed to the plaintiff, Debra Elee.

**AFFIRMED.**

DEBRA ELEE

VERSUS

LISA WHITE, DOLLAR GENERAL
CORPORATION, AT FAULT DRIVER
OF WERNER ENTERPRISES, INC.
OF NEBRASKA[,] AND WERNER
ENTERPRISES, INC. OF NEBRASKA

2021 CA 0229

FIRST CIRCUIT

COURT OF APPEAL

STATE OF LOUISIANA

---

WELCH, J., dissenting.

I find that the evidence submitted by the plaintiff, Debra Elee, in opposition

to the motion for summary judgment filed by the defendants, Dollar General, LLC

and Lisa White, created genuine issues of material fact as to the defendants'

liability. Specifically, Ms. Elee submitted the expert affidavit of Philip Beard, P.E.

Therein, Mr. Beard opined:

> ### Expert Conclusion No. 3 by Philip Beard[,] P.E.
>
> ▪ Dollar General and its employees knew or should have known of the dangerous condition presented to motorist by blocking the lanes of Highway 25[,] and that condition was foreseeable. The Dollar General Store [manager], Ms. Lisa White, testified that Dollar General did not have a safety policies or delivery procedures handbook. More likely than not, if Dollar General had a safety and deliveries procedures policy[,] and its employees had been familiar with the said policies and procedures, this accident would not have happened.
>
> ### Expert Conclusion No. 4 by Philip Beard[,] P.E.
>
> ▪ Although FMCSA appears to only discuss U-Turns in Gardner deposition Exhibit 11, it is common sense that cross-blocking a highway presents a very dangerous condition to the motoring public and should have taken place only under the supervision of law enforcement personnel pursuant to the Werner Enterprises and Dollar General Driver Handbook.
>
> ***
>
> ### Expert Conclusion No. 6 by Philip Beard[,] P.E.
>
> ▪ In my expert opinion, the Dollar General parking lot...was and remains unsafe. In the design, the Dollar

1

General parking lot created a hazard to the motoring public on LA Highway 25 and to Dollar General customers and their parked vehicles. Travis Gardner's testimony under oath on this very point presents a genuine issue of material fact.

As the non-moving party, I find that Ms. Elee produced factual support, through the expert affidavit of Mr. Beard, sufficient to establish the existence of a genuine issue of material fact, thereby meeting her burden of proof under La. C.C.P. art. 966(D)(1).

Further, I find that the "dangerous lot" cases cited by the majority—**Prince v. K-Mart Corp.**, 2001-1151 (La. App. 5th Cir. 3/26/02), 815 So.2d 245 and **Gaspard v. Safeway Ins. Co.**, 2014-1676 (La. App. 1st Cir. 6/5/15), 174 So.3d 692, writ denied, 2015-1588 (La. 10/23/15), 184 So.3d 18—are distinguishable from the instant matter. In **Prince** and **Gaspard**, the proximate cause of the accidents were the failure of the drivers to "see what they should have seen," not a defect in the parking lot design. **Prince**, 815 So.2d at 248-49; **Gaspard**, 174 So.3d at 694-95. Whereas in the instant matter, but-for Dollar General's defective parking lot and lack of safety and deliveries procedures, the accident at issue would not have occurred.

For these reasons, I respectfully dissent.

2