# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

COREY WILLIAMS

VERSUS

GULF COAST OCCUPATIONAL
MEDICINE, INC., ABC
INSURANCE COMPANY, JANE DOE,
DRUG TEST, INC. D/B/A DISA
INC., DEF INSURANCE COMPANY,
PSYCHEMEDICS CORPORATION,
AND GHI INSURANCE COMPANY

NO.  2022 CW 1224

Page 1 of 2

**FEBRUARY 10, 2023**

In Re:    Gulf Coast Occupational Medicine, Inc., applying for
          supervisory writs, 23rd Judicial District Court,
          Parish of Ascension, No. 102898.

---

**BEFORE:    WELCH, PENZATO, AND LANIER, JJ.**

**WRIT GRANTED.**  The trial court's October 13, 2022 judgment denying the motion for summary judgment filed by defendant, Gulf Coast Occupational Medicine, Inc. ("Gulf Coast"), is reversed. Plaintiff, Corey Williams, alleges that Gulf Coast's employee, Hannah Lee Townsend, negligently collected a hair sample from Williams that contained another person's hair, and that his sample tested positive for cocaine and cocaine metabolites due to the presence of the other person's hair.  Williams alleges he suffered damages as a result of the false positive drug test results.  In a negligence action under La. Civ. Code art. 2315, the plaintiff bears the burden of proving fault, causation, and damages by a preponderance of the evidence.  **Gaspard v. Safeway Ins. Co.**, 2014-1676 (La. App. 1st Cir. 6/5/15), 174 So.3d 692, 694, writ denied, 2015-1588 (La. 10/23/15), 184 So.3d 18.  While the question of causation is usually an issue for the factfinder's determination, it is possible to determine this issue on summary judgment if reasonable minds could not differ. **Id.**  In its motion for summary judgment, Gulf Coast asserted that Williams will be unable to prove that any alleged breach of the standard of care by Townsend during her collection of Williams' hair sample caused the hair sample to test positive for cocaine and cocaine metabolites.  In support of its motion, Gulf Coast submitted an affidavit by Carl M. Selavka, a forensic scientist, who opined in an expert report attached to his affidavit that "in order for another person's hair to have contaminated the specimen collected from Mr. Williams and thereby cause the Positive Cocaine result reported, HUNDREDS of strands of this extraneous hair would have to be included in the sample collected."  Williams' expert, Dr. Gary Wimbish, similarly opined that in order for a hair sample to test positive for cocaine, the sample would have to contain a visible amount of hair contaminated with cocaine.  However, in his deposition, which was attached to Gulf Coast's motion for summary judgment, Williams stated that he could not recall whether someone else's hair was present on the paper Townsend used to collect Williams' hair sample prior to her shaving Williams' arms to collect his hair.  Additionally, Dr. Wimbish explained that he could not testify that it was someone else's hair, and not Williams' own hair, that caused Williams' sample

to test positive for cocaine. Based on our *de novo* review of this matter, we conclude that Williams failed to set forth sufficient evidence to demonstrate that he will be able to meet his burden of proof at trial to show that any alleged negligence by Gulf Coast caused his damages. Accordingly, the motion for summary judgment filed by Gulf Coast is granted and Corey Williams' claims against Gulf Coast Occupational Medicine, Inc. are dismissed with prejudice.

**JEW**
**AHP**
**WIL**

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT